IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, et al., | Case No. 2:08 CV 575 |
| Plaintiffs, | Judge Frost |
| v. | Magistrate Judge King |
| MOUNT VERNON CITY SCHOOL DISTRICT BOARD OF EDUCATION, et al., | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT JOHN FRESHWATER'S RULE 56(F) MOTIONS FOR EXTENSION OF TIME TO FILE A MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OR IN THE ALTERNATIVE TO SUPPLEMENT HIS MEMORANDUM IN OPPOSITION**

Plaintiffs Stephen and Jenifer Dennis, individually and as the natural parents and next friends of their minor child, Zachary Dennis, ask this Court to deny the eleventh-hour motions filed by attorneys Jason Deschler and R. Kelly Hamilton on behalf of Defendant John Freshwater to extend the deadline for filing a memorandum in opposition to Plaintiffs' motion for partial summary judgment. (*See* Docs. No. 62 (hereinafter "Deschler Mot.") and 63.)

In moving for an extension of the filing deadline, Mr. Deschler argues that Freshwater will suffer prejudice if defense counsel are not permitted to include Freshwater's own testimony from his ongoing administrative termination proceedings in their Opposition. This argument is meritless, if not absurd. This request is not about some potential prejudice from defense counsel's inability to procure testimony or to take discovery from a third-party witness. Rather, counsel are asking this Court to extend the filing deadline because they have failed to gather purportedly critical facts from *their own client*. Indeed, if counsel believed their client held the

key to his "full and complete defense" against Plaintiffs' summary-judgment motion, Deschler Mot. at 2, counsel easily could have obtained an affidavit or declaration from Freshwater detailing the information that they now deem crucial to supporting Freshwater's Opposition. Counsel should not be permitted to delay the instant proceedings because they have failed to gather information from their own client.

Likewise, counsel's claim that the Thanksgiving holiday precluded him from adequately reviewing the transcripts from the termination proceedings rings hollow. (*See* Deschler Mot. at 3.) As Mr. Deschler has noted, the termination proceedings have been going on for more than a year—since October 1, 2008. Transcripts for any given session of the proceedings are made available soon after that session of testimony has ended. Freshwater's counsel have had more than ample opportunity to purchase and review these transcripts throughout the course of the termination proceedings. Their failure to do so is an inadequate ground for granting an extension here.

Finally, while Plaintiffs are sympathetic to Mr. Hamilton's family situation, and ordinarily would want to be as accommodating as possible, Plaintiffs must point out that Freshwater is represented by at least three attorneys—Mr. Deschler, Mr. Hamilton, and Robert Stoffers. Although defense counsel have taken the position that Mr. Deschler and Mr. Stoffers are defending Freshwater on Plaintiffs' claims against him while Mr. Hamilton is representing Freshwater on his counterclaims against Plaintiffs, all three attorneys represent the very same party. When Mr. Hamilton's family matters arose several weeks ago, he should have alerted his co-counsel, who then should have stepped in to ensure that the memorandum in opposition was completed and filed by the December 10, 2009 deadline. Alternatively, counsel should have requested an extension of the filing deadline at that time. Instead, Freshwater's attorneys have

waited until the eve of the filing deadline to ask for 21 additional days to draft their Opposition. Defense counsel have been well aware of this filing deadline since November 16 when Plaintiffs (and Defendant) filed their motions for partial summary judgment.

For these reasons, Plaintiffs respectfully request that Defendant's Motions for Extension of Time to File a Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment be denied.[1]

Respectfully submitted,

/s/Douglas M. Mansfield
Douglas M. Mansfield (0063443)
(Trial Attorney)
dmansfield@jonesday.com
JONES DAY
325 John H. McConnell Blvd. Ste. 600
Columbus, OH 43215

(614) 469-3939 (telephone)
(614) 461-4198 (fax)

Mailing Address:
JONES DAY
P.O. Box 165017
Columbus, OH 43215-2673

Attorney for Plaintiffs

---

[1] If the Court grants Freshwater's motions for an extension (which it should not), then Plaintiffs respectfully request that in the interest of fairness, the filing deadline for their memorandum in opposition to Defendant's motion for partial summary judgment also be extended.

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 9, 2009, I electronically filed the foregoing Motion for Partial Summary Judgment and Memorandum in Support, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following at their e-mail address on file with the Court:

Robert H. Stoffers
Jason R. Deschler
MAZANEC, RASKIN, RYDER & KELLER, CO., LPA
250 Civic Center Drive, Suite 400
Columbus, OH 43215

*Counsel for Defendant John Freshwater*

R. Kelly Hamilton
4030 Broadway
P. O. Box 824
Grove City, OH 43123

*Counsel for Counterclaimant John Freshwater*

                                                      /s/Douglas M. Mansfield_____
                                                      Douglas M. Mansfield