UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE AND JANE DOE, AS THE NATURAL PARENTS AND NEXT FRIENDS OF THEIR MINOR CHILD, JAMES DOE,<br><br>Plaintiffs,<br><br>vs.<br><br>MOUNT VERNON CITY SCHOOL DISTRICT BOARD OF EDUCATION, ET AL.,<br><br>Defendants. | CASE NO.: 2:08 CV 575<br><br>JUDGE GREGORY FROST<br><br>MAGISTRATE JUDGE KING<br><br>**DEFENDANT JOHN FRESHWATER'S REPLY MEMORANDUM IN SUPPORT OF HIS RULE 56(f)MOTION FOR EXTENSION OF TIME TO FILE A MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OR IN THE ALTERNATIVE TO SUPPLEMENT HIS MEMORANDUM IN OPPOSITION** |

NOW COMES Defendant, John Freshwater, by and through his trial attorneys Robert H. Stoffers and Jason R. Deschler of the law firm of Mazanec, Raskin, Ryder & Keller Co., L.P.A., and hereby submits that Plaintiffs' Opposition Brief to Defendant Freshwater's Rule 56(f) Motion mischaracterizes Defendant Freshwater's arguments as to why an extension is appropriate in this case.

Contrary to Plaintiffs' arguments, counsel for Defendant Freshwater did not need an extension of time until John Freshwater began to testify at the Administrative Hearing on December 8, 2009. The decision regarding the timing of John Freshwater's testimony at the Administrative Hearing was made by Attorney R. Kelly Hamilton, on his own volition for strategic reasons associated with the presentation of evidence in front of an independent referee. The Administrative Hearing, although factually related, is an entirely separate proceeding in which Defendant Freshwater's counsel has no representation of John Freshwater. Attorney Hamilton, as counsel for John Freshwater in the Administrative Hearing is allowed to proceed in the most favorable way for his client in regard to the presentation of evidence. Further,

Defendant Freshwater's counsel has no right to question attorney Hamilton's strategy in the Administrative Hearing.

Contrary to Plaintiffs' assertion, a declaration or affidavit from John Freshwater was not necessary to respond to Plaintiffs' Motion for Partial Summary Judgment. However, once Attorney Hamilton chose to have John Freshwater testify at the Administrative Hearing, that testimony becomes relevant to the issue at bar and relevant to the full and complete defense of Plaintiffs' Motion for Partial Summary Judgment. As Plaintiffs' counsel has been present at the Administrative Hearing and was present on December 8, he obviously thinks John Freshwater's Administrative Hearing testimony is relevant as well. To allow Plaintiffs to use such testimony in a reply brief and to not allow Defendant Freshwater's counsel to use it in an opposition brief is prejudicial to Defendant Freshwater.

In regard to the Twenty Three Volumes and approximately 4000 pages of Administrative Hearing testimony, Plaintiffs mistakenly argue that Defendant Freshwater's counsel should have reviewed the entire transcript during the course of the Administrative Hearing (14 months). Counsel for Defendant Freshwater could not know in advance on which claims, if any, Plaintiffs' would move for summary judgment. As a result of Plaintiffs' Motion relying on portions of the 4000 pages of Administrative Hearing testimony, Defendant Freshwater's counsel has been required to sift through 4000 pages of transcript to locate specific testimony of school administrators, teachers, and students to demonstrate that copious amounts of contested material facts exist. Defendant Freshwater's counsel could have moved for a 56(f) motion to take the deposition of each individual who testified previously at the Administrative Hearing for a defense of Plaintiffs' Motion for Partial Summary Judgment. Instead, in an effort to not unduly delay this litigation any longer than necessary, the undersigned started to review the transcript of

the Administrative Hearing but underestimated how long it would take to digest 4000 pages of transcript and over 100 exhibits (some of which are multiple pages).

Based on the foregoing, an extension is proper.

WHEREFORE, Defendant John Freshwater respectfully requests this Court issue an order granting him a 21 day extension until December 31, 2009 to respond to Plaintiffs' Motion for Partial Summary Judgment, or in the alternative, an order allowing Defendant Freshwater to supplement his Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment with his testimony from the Administrative Hearing dates of December 8, 10 and 11 by December 31, 2009

Respectfully submitted,

MAZANEC, RASKIN, RYDER & KELLER CO., L.P.A.

*s/ Robert H. Stoffers*
ROBERT H. STOFFERS (0024419)
JASON R. DESCHLER  (0080584)
250 Civic Center Drive, Suite 400
Columbus, Ohio  43215
(614) 228-5931
(614) 228-5934 - Fax
Email:   rstoffers@mrrklaw.com
         jdeschler@mrrklaw.com
*Counsel for Defendant John Freshwater*

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2009, a copy of the foregoing Reply was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        *s/ Robert H. Stoffers*
        ROBERT H. STOFFERS (0024419)
        JASON R. DESCHLER (0080584)
        *Counsel for Defendant John Freshwater*