IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, et al., | Case No. 02:08 CV 575 |
| Plaintiffs, | JUDGE GREGORY L. FROST |
| v. | Magistrate Judge NORAH MCCANN KING |
| MOUNT VERNON CITY SCHOOL DISTRICT BOARD OF EDUCATION, et al., | |
| Defendants. | |

## COUNTERCLAIMANT/DEFENDANT JOHN FRESHWATER (IN HIS PERSONAL CAPACITY) MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Now comes Counterclaimant/Defendant John Freshwater (hereinafter Freshwater), by and through his Trial Counsel, R. Kelly Hamilton, who represents Freshwater in his personal capacity, to file a Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs have moved this Court for summary judgment asserting Freshwater cannot establish a prima facie case for defamation or intentional infliction of emotional distress. For the reasons set forth herein, Freshwater asserts there are genuine issues of material fact as to each of his claims and that Plaintiff are not entitled to summary judgment as a matter of law.

Respectfully submitted,

s/ R. Kelly Hamilton
The Law Office of R. Kelly Hamilton (0066403)
**Office:** 4030 Broadway, Grove City, Ohio 43123
**Mail to**: P.O. Box 824, Grove City, Ohio 43123
Phone 614-875-4174  Fax    614-875-4188
Email:  hamiltonlaw@sbcglobal.net
Attorney for Counterclaimant/Defendant John Freshwater

**MEMORANDUM IN SUPPORT**

I. **STATEMENT OF THE CASE**

The Plaintiffs filed their Complaint on June 13, 2008 (Document No. 2). Plaintiffs' alleged claims against Defendant Mount Vernon City School District Board of Education, Steven Short, Superintendant of Mount Vernon City School District and William White, Principal of Mount Vernon Middle School and Defendant John Freshwater, a teacher in the Mount Vernon Middle School. Specifically, Plaintiffs alleged two causes of action against Defendants, a violation of the Establishment Clause of the First Amendment and a First Amendment Retaliation Claim. Plaintiffs also asserted they were entitled to injunctive relief and a declaratory judgment that "Defendants' actions are in violation of the Establishment Clause of the First and Fourteenth Amendments of the United States Constitution." (Document No. 2 at ¶84).

On August 11, 2008, Plaintiffs filed an Amended Complaint (Document No. 11). Within their Amended Complaint, the Plaintiffs asserted two new causes of action in addition to the First Amendment Establishment Clause claim and First Amendment Retaliation Claim. Specifically, Plaintiffs alleged in their Third Cause of Action, a battery claim against John Freshwater and a negligent supervision and negligent retention claim against the Mount Vernon City School District Board of Education.

On September 2, 2008, John Freshwater filed a counterclaim against Plaintiffs alleging claims of defamation and intentional infliction of emotional distress. (Document No. 19).

On August 26, 2009, the Plaintiffs and Mount Vernon City School District Board of Education, Steven Short and William White entered into a Settlement Agreement. Pursuant to that Settlement Agreement, the Plaintiffs agreed to dismiss their claims against Mt. Vernon City School District Board of Education, Steven Short, and William White. (Document No. 51).

On October 1, 2009, this Court granted the aforementioned Joint Motion to Dismiss (Document No. 52). Thus, the claims remaining are Plaintiffs' First Amendment Establishment Clause claim, Plaintiffs' First Amendment retaliation claim and Plaintiffs' battery claim against John Freshwater. John Freshwater's counterclaims against the Plaintiffs also remain pending. As the school district has been dismissed, any claims against John Freshwater in his official capacity have, therefore, been dismissed as well.  As such Plaintiffs' pending claims against Mr. Freshwater remain only in his individual capacity.

Running concurrently with this action and still ongoing has been an administrative hearing conducted pursuant to Ohio Revised Code §3319.16.  Both current and previous counsel for Plaintiffs have been in attendance at each of the thirty (30) days of the administrative hearing, sitting at the trial table with and working in collaboration alongside the attorneys representing the Mount Vernon City School Board of Education.  All information, evidence and exhibits from the administrative hearing have been made available to Plaintiff's counsel.  Freshwater has testified and submitted to interview and interrogation a total of eight (8) days occurring on May 15, 2008, October 28, 2008, October 14, 2009, December 8, 10, 11, 29 and 30, 2009, totaling approximately forty-two and one-half (42.5) hours.

## II. STATEMENT OF MATERIAL FACTS REGARDING DEFAMATION AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Freshwater's claims are simple in that he seeks redress for statements made by and attributable to Plaintiffs.  Plaintiffs' statements concern Freshwater's place in the teaching profession and affect his place in his business, trade, profession, or office.  Further, Plaintiffs statements impute Freshwater committed a crime for which Plaintiffs feared Freshwater may be jailed.  Freshwater asserts the statements made and attributable to Plaintiffs were false and made without privilege.

The statements made by and attributed to Plaintiffs are stated below and previously made known to Plaintiffs through discovery responses and during the thirty (30) days of testimony in the administrative hearing. (*See Exhibit A, Freshwater Supplemental Response to Interrogatories* and *Administrative Hearing Transcripts October 28, 2008, and May 7, 8, 2009).* Each of the statements below was made by Plaintiffs, either one of the parents or the minor child, to the school administration, the public media or through testimony.

1. "The cross burning happened during an 8th grade science class and it happened with a science machine that uses and electric shock to cause a burn. And, the teacher chose to burn the shape of a Cross onto John Doe's forearm." This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 128 and Administrative Hearing Transcript page 4598. (Exhibit B and C)
2. "This teacher conducted a healing session at school where he asked that satan be removed from a man who was a visitor of the school." This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 141 and Administrative Hearing Transcript page 4372-4380. (Exhibit S and D)
3. "He (Freshwater) said out loud, 'satan be removed from this man." This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 157 and Administrative Hearing Transcript page 4495. (Exhibit E and F)
4. "He (the boy) didn't know it would be a cross and he didn't know it was going to hurt." This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 128 and Administrative Hearing Transcript page 4598. (Exhibit C)
5. "We are religious people, but we were offended when Mr. Freshwater burned a cross onto the arm of our child. This was done in science class in December 2007, where an electric shock machine was used to burn our child." This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 128 and Administrative Hearing Transcript page 4668. (Exhibit B and G)
6. "It is about following rules. We follow the rules and we expect our children to follow the rules. Rules have been broken here." This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavits Employee Exhibits No. 126, 149, 150, 143, 151, 152, 153, 154, 155, 156, 157,158, 141, 128, 159. (Exhibits H, I, J, K, L, M, N, O, P, Q, R, S, T, B and E)
7. "When Mr. Freshwater disagrees with teaching material based upon his own religious beliefs, he advises the students that, although he is forced to teach from the textbooks, the teachings are wrong or not proven according to the Bible." This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 158. (Exhibit R)
8. "These concerns had been going on for at least 11 years, and the school had not done anything." This statement is challenged as truth and asserted to be false by Freshwater based upon the Administrative Hearing Transcript page 4598. (Exhibit C)

9. "Mr. Freshwater burned a cross into their child's arm using a science machine that caused pain."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 128 and Administrative Hearing Transcript page 4668.  (Exhibit B and G)
10. "Several Bibles were kept in Mr. Freshwaters' classroom displayed for the students, not his own personal use."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 143, 151, 152 and Administrative Hearing Transcript page 4404.  (Exhibit K, L, U and M)
11. "Mr. Freshwater engaged in religious teaching including his own beliefs from the Bible."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 126, 143 and Administrative Hearing Transcript pages 4216-4229, and 4253-4255.  (Exhibit H, K, V, W)
12. "Mr. Freshwater engaged in prayer in FCA meetings contrary to the District's legal obligations for monitoring such organizations."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 157, 141 and Administrative Hearing Transcript page 4674.  (Exhibit E, S and X)
13. "Mr. Freshwater led a "healing session" during an FCA meeting."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 157.  (Exhibit E)
14. "Mr. Freshwater violated the school's permission slip policy."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 141.  (Exhibit S)
15. "Mr. Freshwater made statements about FCA members "being the saved ones" and gave them Bibles to distribute to other students."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 158.  (Exhibit R)
16. "They stated the burn remained on their child's arm for three or four weeks."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 128 and Administrative Hearing Transcript page 3110.  (Exhibit B and Y)
17. "In the shape of a cross"  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 128 and Administrative Hearing Transcript page 4598.  (Exhibit C)
18. The statements and representations depicted in two pictures identified in the administrative hearing as Board Exhibits 7 and 8.  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 128 and Administrative Hearing Transcript page 4598. (Exhibit C)
19. "Mr. Freshwater burned a cross into…arm using a science machine."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 128 and Administrative Hearing Transcript page 4598.  (Exhibit B and C)
20. "Several Bibles are also kept in Mr. Freshwater's classroom and are there as a display to his students, not for his personal use."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 151 and 152.  (Exhibit L and M)

21. "Mr. Freshwater teaches his own beliefs from the Bible in his eighth grade science class." This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 126.  (Exhibit H)
22. "Where Mr. Freshwater disagrees with teaching material based upon his own religious beliefs, he advises the students that, although he is forced to teach from the textbooks, the teachings are wrong or not proven according to the Bible."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 126.  (Exhibit H)
23. "Mr. Freshwater engages in prayer in FCA.  He conducts prayers and also asks students to lead prayer."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 157.  (Exhibit E)
24. "Mr. Freshwater led a healing session."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 157.  (Exhibit E)
25. "He held his hands above the non-school speaker's head, had students in attendance circle the man, holding hands and praying, and Mr. Freshwater removed satan from the man.  Mr. Freshwater also conducted a prayer at this meeting."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 128 and Administrative Hearing Transcript page 4372-4380.  (Exhibit B and D)
26. "Mr. Freshwater violates Mount Vernon's permission slip policy."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 141.  (Exhibit D)
27. "Mr. Freshwater told his students that the permission slips are stupid and that he is breaking God's law if he turns away children that do not have a permission slip."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 141.  (Exhibit D)
28. "Students are given Bibles in these meetings, by Mr. Freshwater, to distribute to other students as the school."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 151.  (Exhibit L)
29. "Mr. Freshwater has continued to teach religion in his classroom."  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 126.  (Exhibit H)
30. "Mr. Freshwater branded a religious symbol on the skin" of minor plaintiff.  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 128.  (Exhibit B)
31. The mark lasted as long as 3-4 weeks on at least one student who described the area as very painful.   This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 128 and Administrative Hearing Transcript page 3110.  (Exhibit B and Y)
32. "Mr. Freshwater said that it should be called the greatest Friday or the best Friday ever.  And then he asked what Easter was, and someone said when Jesus was resurrected."  This statement is challenged as truth and asserted to be false by Freshwater based upon the Administrative Hearing Transcript page 4479-4480.  (Exhibit Z)

33. "He (Freshwater) said that it was a temporary tattoo and said that those crosses are going to be there for a while."  This statement is challenged as truth and asserted to be false by Freshwater based upon the Administrative Hearing Transcript page 4598.  (Exhibit C)
34. Freshwater held minor Plaintiff's arm on an overhead projector.  This statement is challenged as truth and asserted to be false by Freshwater based upon the Administrative Hearing Transcript page 4598.  (Exhibit C)
35. Freshwater showed a video called the Watchmaker.  This statement is challenged as truth and asserted to be false by Freshwater based upon the Administrative Hearing Transcript page 4598.  (Exhibit C)
36. Freshwater would relate to a higher being in class.  This statement is challenged as truth and asserted to be false by Freshwater based upon the Administrative Hearing Transcript page 4598.  (Exhibit C)
37. Freshwater had me get on Answers in Genesis and research something about dinosaurs.  This statement is challenged as truth and asserted to be false by Freshwater based upon the Administrative Hearing Transcript page 4600.  (Exhibit AA)
38. Freshwater expressed his personal belief in the flood theory as it relates to Noah's Ark.  This statement is challenged as truth and asserted to be false by Freshwater based upon the Administrative Hearing Transcript page 4618 and page 348. (Exhibit BB)
39. Freshwater showed movies during meetings of the Fellowship of Christian Athletes.  This statement is challenged as truth and asserted to be false by Freshwater based upon the Administrative Hearing Transcript page 4599.  (Exhibit CC)
40. Freshwater told us to take a Bible and give it to someone who needs it.  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 151.  (Exhibit L)
41. Freshwater was responsible for bringing a placarded motor vehicle to school property that was adorned with posters protesting abortion.  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 149.  (Exhibit I)
42. Freshwater violated the permission slip policy.  This statement is challenged as truth and asserted to be false by Freshwater based upon his administrative hearing affidavit Employee Exhibit No. 141.  (Exhibit S)

### III.   LAW AND ARGUMENT

#### A.  Summary Judgment Standard

Summary judgment is proper when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In responding to a summary judgment motion, a plaintiff must produce specific facts demonstrating a genuine issue of material fact for trial. See *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986); Fed. R. Civ. P. 56(e). The nonmoving party must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id*.

A party opposing summary judgment must present evidence and make a showing sufficient to establish the existence of an element essential to that party's case and upon which that party will bear the burden of proof at trial. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Furthermore, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact." *Liberty Lobby, Inc.*, 477 U.S., at 257.

The Sixth Circuit has also emphasized the quantum of evidence required to defeat summary judgment: "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 581 (6th Cir. 1992).

Summary judgment shall be denied "[i]f there are . . . 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" Hancock v. Dodson, 958 F.2d 1367, 1374 (6th Cir. 1992).

Freshwater can meet this burden based upon the existence of evidence amassed from a record which approaches five thousand (5,000) pages in length and upon which a jury could reasonably find for him.

**B. Defamation**

The law of defamation is supposed to protect people's reputations from unfair attack.

In order to be considered defamatory per se, the words used in the statement must fall in one of three categories:  (1) the imputation of a charge of an indictable offense involving moral turpitude or infamous punishment, (2) the imputation of some offensive or contagious diseases calculated to deprive the person of society, or (3) having the tendency to injure the plaintiff in his trade or occupation. *Schoedler v. Motometer Gauge & Equip. Corp.* (1938), 134 Ohio St. 78,

84, 11 O.O. 487, 15 N.E.2d 958, citing *Davis v. Brown* (1875), 27 Ohio St. 326.  When the words are unambiguous, whether the words are defamatory per se is a matter of law.  *Becker v. Toulmin* (1956), 165 Ohio St. 549, 60 O.O. 502, 138 N.E.2d 391, paragraph one of the syllabus.

Plaintiffs asserted they had a concern Freshwater would be jailed for the actions Plaintiffs alleged occurred in Freshwater's science class involving an electrified Tesla Coil. (*Administrative Hearing Transcript pages 56, 3116, 3223-3225, Exhibit DD.*)  Plaintiffs made allegations Freshwater violated the law by conducting a "healing session" upon another person during a meeting of the Fellowship of Christian Athletes.  It is without doubt Plaintiffs made an imputation of an indictable offense (abuse by assault) and offense of moral turpitude (conducted a healing session).  Freshwater steadfastly contests the validity of both allegations.  The opposing positions by Freshwater and Plaintiffs are substantial and material differences between the complained of allegations and the truth as only one position can be correct.

Plaintiffs multiple allegations contain words having a tendency to injure Freshwater in his trade or occupation.  Freshwater testified he has applied for 40-50 jobs since Plaintiffs made their allegations but he has been unable to secure another position.  (*Administrative Hearing Transcript pages 4191-4193, Exhibit EE.*)  Freshwater also testified in his deposition on October 14, 2009, that he had been fired from a tree-stump removal job when the homeowner learned of Freshwater's identity.

Freshwater is a public figure for a limited purpose in this matter.  As such Freshwater must show Plaintiffs acted with malice.  Plaintiffs' malicious intent can be inferred from several perspectives.  First, despite their claimed medical concern for their minor son, Plaintiff parents asserts they did not take their eighth grade student to a doctor for fear the physician may have to report the injury to authorities as the alleged injury may be a sign of abuse by Freshwater. (*Administrative Hearing Transcript pages 3348-3350, Exhibit FF*.)  Reasonable jurors could

find an inconsistent response by Plaintiffs in relation to the harm they subsequently complained about and the reality of whether such complaint was well founded.  Second, Plaintiffs appeared to be hypersensitive in making allegations against Freshwater as they made numerous allegations many of which were not included in a school commissioned investigative report because the investigators could not find a scintilla of evidence to support the vast number of Plaintiffs' claims.  Reasonable jurors could find an issue of credibility based upon the balance of weighing the number of unsupported false and inaccurate allegations made by Plaintiffs.  Plaintiffs went so far as to accuse Freshwater of having an "abortion van" parked at the middle school and harassing their eighth grade son and keeping the student from attending a field trip.  (*Administrative Hearing Transcript pages 1984-1987, 1205-1209 and 3119, Exhibit GG.)*

Third, an allegation by Plaintiffs claiming Freshwater lead a "healing session" and prayed that satan would be removed from another person is wholly without merit as testified to by the person who was the recipient of a student lead prayer during a Fellowship of Christian Athletes meeting.  (*Administrative Hearing Transcript pages 2786-2814, Exhibit HH).*  Additionally, Freshwater testified minor Plaintiff would not have been in the meeting (*Administrative Hearing Transcript pages 4383, Exhibit II and* administrative hearing affidavit Employee Exhibit No. 141, Exhibit S) and Freshwater provided medical documentation he could <u>not</u> have raised his arm as alleged by minor Plaintiff.  Reasonable jurors could find minor Plaintiff lacks credibility on this material and substantial allegation made by minor Plaintiff thus casting doubt on all of minor Plaintiff's claims.

Fourth, ten (10) months after minor Plaintiff first alleged Freshwater branded a religious symbol onto his arm, a new allegation emerged that Freshwater allegedly held down the arm of minor Plaintiff as announced by Plaintiff mother to the local daily newspaper the day before Plaintiff mother was to testify in the administrative hearing.  (*Administrative Hearing*

*Transcript pages 360-362, and 3305-3306, Exhibit JJ*).  Reasonable jurors could find Plaintiffs credibility is challenged when details of the alleged harm to her minor son and the manner in which the details were first discovered and presented are evaluated.

The imputation of Plaintiffs publically stated words harmed Freshwater.  Plaintiffs claim truth and privilege as their defense.  Freshwater asserts Plaintiffs claims are false and that Plaintiffs malice is evidenced by inconsistency, lack of credibility, lack of presence and impossibility.  Freshwater has been harmed by Plaintiffs untruthful statements.  There exists a vast gap between the positions of Freshwater and Plaintiffs that cannot be characterized as anything but material and substantial.

### C.  Intentional Infliction of Emotional Distress

"In order to recover damages for the intentional infliction of serious emotional distress four elements must be proved: a) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; b) that the actor's conduct was extreme and outrageous, that it went beyond all possible bounds of-decency and that it can be considered as utterly intolerable in a civilized community; c) that the actor's actions were the proximate cause of the plaintiff's psychic injury; and d) that the mental anguish suffered by plaintiff is serious and of a nature that no reasonable person could be expected to endure it." *Pyle v. Pyle (1983)*, [11 Ohio App.3d 31](), *11 OBR 63, 463 N.E.2d 98*

Plaintiff parents never attended any session of Freshwater's class or any session of the Fellowship of Christian Athletes.  It appears Plaintiff parents relied exclusively upon the representations made by their minor son without verification or consultation with Freshwater as was required by the school systems public complaint process (*Administrative Hearing Transcript pages 3254-3255* and Employee Exhibit No. 118, Exhibit KK and LL).  The nature and seriousness of the allegations made by Plaintiffs against Freshwater were of the type of

conduct an accuser should know would result in serious ramifications.  Reasonable jurors could find Plaintiffs accusations related to the alleged "healing" session alone would subject Freshwater to public outrage.  Freshwater testified about the difficulty he has had finding employment and the challenges he has faced as a result of Plaintiffs conduct (*Administrative Hearing Transcript pages 4191-4194, and 4677, Exhibit EE and LL*).

## CONCLUSION

Although the facts concerning the events as alleged by the Plaintiffs and the position as demonstrated and taken by Freshwater are numerous, opposing and distant, the matter is very simple in that only one party can be positioned upon the base of truth.  This justice system has long established the concept that parties are to take their disputes to tribunals for fair, impartial disposition.  John Freshwater is entitled to have his position heard by a jury of his peers and permit the justice system to evaluate his credibility against that of the Plaintiffs.

WHEREFORE, Defendant John Freshwater respectfully requests this Court to issue an order denying Plaintiffs' Motion for Partial Summary Judgment and proceed with disposition through the scheduled trial.

Respectfully submitted,

s/ R. Kelly Hamilton
The Law Office of R. Kelly Hamilton (0066403)
**Office:**  4030 Broadway, Grove City, Ohio 43123
**Mail to**: P.O. Box 824, Grove City, Ohio 43123
Phone 614-875-4174  Fax    614-875-4188
Email:  hamiltonlaw@sbcglobal.net
Attorney for Counterclaimant/Defendant John Freshwater

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the

Court's electronic filing system. Parties may access this filing through the Court's system.

s/ R. Kelly Hamilton
The Law Office of R. Kelly Hamilton (0066403)

Case 2:08-cv-00575-GLF-NMK   Document 71-1   Filed 01/07/10   Page 13 of 13