IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DOE, *et al.*,

       Plaintiffs,

  vs.                                      Civil Action 2:08-CV-575
                                                    Judge Frost
                                                    Magistrate Judge King

MOUNT VERNON CITY SCHOOL
BOARD OF EDUCATION, *et al.*,

       Defendants.

## OPINION AND ORDER

This is a civil rights action in which plaintiffs, a minor and his parents, allege that defendants violated their rights under the Establishment Clause of the First Amendment to the United States Constitution and retaliated against them for having engaged in speech protected by the First Amendment. Plaintiffs also assert supplemental state law claims. *Amended Complaint,* Doc. No. 11. Only the claims against defendant John Freshwater, formerly a science teacher, remain pending. *See Order,* Doc. No. 52; *Opinion and Order*, Doc. No. 80.[1] This matter is now before the Court on *Plaintiff's Motion to Compel Production of Documents and Further Deposition of Defendant Freshwater*, Doc. No. 67 ["*Motion to Compel*"].

In their *Motion to Compel*, plaintiffs seek production of documents not produced during the course of discovery in this action, but which were allegedly utilized by defendant Freshwater in certain state administrative proceedings. Plaintiffs specifically seek production of such documents as defendant Freshwater's personal notes and affidavits and certain educational and religious materials utilized by him.

---

[1] In particular, defendant Freshwater's counterclaimS for defamation and intentional infliction of emotional distress are no longer pending. *Opinion and Order,* Doc. No. 80.

Plaintiffs contend that such documents are responsive to various prior discovery requests, including their requests that defendant Freshwater produce "[a]ll exhibits identified during the administrative hearing of Defendant Freshwater" and "[e]ach and every document which refers to the allegations set forth" in this action. *Plaintiffs' Second Request for Production of Documents 18 and 19*, attached as Exhibit 3 to *Motion to Compel*.

Defendant Freshwater does not dispute that these documents are responsive to plaintiffs' discovery requests. Indeed, counsel for defendant Freshwater[2] understood that the requested documents would be produced to plaintiffs and that defendant Freshwater would appear for further deposition, although he asks that such continued deposition be limited to no more than two (2) hours. *Defendant John Freshwater's Memorandum in Opposition to Plaintiffs' Motion to Compel,* Doc. No. 77.[3] Defendant Freshwater's counterclaim counsel argued that the *Motion to Compel* is moot or, alternatively, that the requested documents constitute trial preparation materials protected by F.R. Civ. P. 26(b)(3). *Counterclaim/Defendant John Freshwater (in His Personal Capacity) Memorandum in Opposition to Plaintiffs' Motion to Compel,* Doc. No. 78.[4]

In their *Reply in Support of their Motion to Compel*, Doc. No. 79, plaintiffs represent that numerous documents responsive to their discovery requests remain unproduced by defendant Freshwater. Indeed, defendant Freshwater's own exhibits suggest that he has not produced the

---

[2] Defendant was represented by different counsel in connection with his counterclaims.

[3] Defense counsel indicated that he was unaware of the existence of the documents, which were assertedly produced by counterclaim counsel at defendant Freshwater's administrative hearing. *Defendant John Freshwater's Memorandum in Opposition to Plaintiffs' Motion to Compel,* p. 1, Doc. No. 77.

[4] With the dismissal of defendant Freshwater's counterclaims, it is not entirely clear to the Court that this memorandum is even appropriately considered in connection with the *Motion to Compel*.

documents sought by the plaintiffs.  This Court therefore agrees that the *Motion to Compel* is not moot.

The Court also concludes that defendant Freshwater has failed to establish that the requested documents are protected by the work-product doctrine.  That doctrine provides a level of protection from discovery to "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, ...).  F.R. Civ. P. 26(b)(3)(A).  However, the party claiming the protection of the doctrine must

>   (i)   expressly make the claim [of protection]; and
>
>   (ii)  describe the nature of the documents, communications or tangible things not produced or disclosed -- and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim [of protection].

F.R. Civ. P. 26(b)(5)(A)(i),(ii). Defendant Freshwater has wholly failed to establish that the documents sought by plaintiffs were in fact prepared in anticipation of litigation sufficient to warrant the protections of the work-product doctrine.  Because he bears the burden of proof on this issue, *see United States v. Roxworthy,* 457 F.3d 590, 593 (6th Cir. 2006), citing *Toledo Edison Co. v. GA Techs., Inc.,* 847 F.2d 335, 339 (6th Cir. 1988), defendant Freshwater's invocation of the work-product protection must fail.

To the extent that plaintiffs seek production of documents, the *Motion to Compel*, Doc. No. 67, is meritorious.  Defendant Freshwater is **ORDERED** to produce all such documents within seven (7) days of the date of this *Order*.

3

The parties agree that, with the production of these additional documents, plaintiffs are entitled to further depose defendant Freshwater. The parties also agree that his continued deposition will be "limited in scope to the materials at issue and the topics contained therein." *Plaintiffs' Reply*, p. 6. However, plaintiffs ask that the continued deposition be limited to three (3) hours rather than to the two (2) hours proposed by defendant Freshwater. *Id.*

The Court has no reason to believe that plaintiffs' counsel will abuse the rules governing discovery or subject defendant Freshwater to an unnecessarily extended continued deposition. The Court will therefore not impose at this juncture an arbitrary time limit for the continued deposition.

Defendant Freshwater is **ORDERED** to appear at a continued deposition, limited in scope to the documents that should have been, but were not, previously produced to plaintiffs. This continued deposition must be scheduled to take place at a time convenient to all parties and counsel, but in no event later than April 26, 2010.

**WHEREUPON** *Plaintiffs' Motion to Compel*, Doc. No. 67, is **GRANTED** consistent with the foregoing.


April 12, 2010                                    *s/Norah McCann King*
                                               Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge

4