UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE AND JANE DOE, AS THE NATURAL PARENTS AND NEXT FRIENDS OF THEIR MINOR CHILD, JAMES DOE, | CASE NO.: 2:08 CV 575 |
| | JUDGE GREGORY FROST |
| | MAGISTRATE JUDGE KING |
| Plaintiffs, | |
| vs. | **MOTION IN LIMINE TO EXCLUDE DEFENDANT JOHN FRESHWATER'S CLASSROOM INSTRUCTION PRIOR TO THE 2007-2008 SCHOOL YEAR AND DEFENDANT'S CONDUCT THAT OCCURRED OUTSIDE OF THE CLASSROOM** |
| MOUNT VERNON CITY SCHOOL DISTRICT BOARD OF EDUCATION, ET AL., | |
| Defendants. | |

NOW COMES Defendant, John Freshwater, by and through his trial attorneys, Robert H. Stoffers and Jason R. Deschler of the law firm of Mazanec, Raskin, Ryder & Keller Co., L.P.A., and hereby moves this Court for an order in limine to exclude all evidence, testimony, argument and reference at trial regarding Mr. Freshwater's classroom instruction, which did not occur during the 2007-2008 school year, and all conduct of Mr. Freshwater that occurred outside of the classroom.[1] A Memorandum in Support is attached hereto and incorporated herein.

---

[1] "Classroom" as used within this Motion means Mr. Freshwater's 2007-2008 8th Period Science class and also encompasses Fellowship of Christian Athletes meetings during the 2007-2008 school year. However, based upon the Final Pretrial Order of this case (Document No. 85), Plaintiffs are not pursuing their FCA allegations at trial and have abandoned that claim.

Respectfully submitted,

MAZANEC, RASKIN, RYDER & KELLER CO., L.P.A.

*s/ Robert H. Stoffers*
ROBERT H. STOFFERS (0024419)
JASON R. DESCHLER  (0080584)
250 Civic Center Drive, Suite 400
Columbus, Ohio  43215
(614) 228-5931
(614) 228-5934 - Fax
Email:   rstoffers@mrrklaw.com
                jdeschler@mrrklaw.com
*Counsel for Defendant John Freshwater*

**MEMORANDUM IN SUPPORT**

**I.  INTRODUCTION**

Defendant John Freshwater, within the Proposed Pretrial Order and at the Final Pretrial Conference, indicated that the witnesses he would likely call at trial to testify would depend on the decision regarding the within Motion in Limine to exclude evidence regarding Mr. Freshwater's classroom instruction, which did not occur during the 2007-2008 school year, and conduct of Mr. Freshwater that occurred outside of the classroom.

At the Final Pretrial Conference, Mr. Freshwater's undersigned counsel argued that evidence pertaining to Mr. Freshwater's classroom instruction, which did not occur during the 2007-2008 school year, and conduct of Mr. Freshwater that occurred outside of the classroom is not relevant for a determination of whether he violated Plaintiff ZD's constitutional rights or whether he committed a battery on Plaintiff ZD.  Plaintiffs' counsel responded that it was his intention to use such evidence to impeach Mr. Freshwater.  As a result of this discussion and

pursuant to the Court's Order of April 14, 2010 (Document No. 84), Defendant is submitting the within Motion in Limine.

It is anticipated that Plaintiffs will attempt to introduce impeachment evidence at trial of Mr. Freshwater's alleged classroom instruction during prior years (before the 2007-2008 school year) at Mount Vernon Middle School and certain alleged conduct that occurred outside of the classroom. Regardless of Plaintiffs' proposed purpose, Mr. Freshwater asserts that the introduction of such evidence is barred by the applicable Federal Rules of Evidence and is not relevant to the claims in this case, which only concern Mr. Freshwater's conduct at school during the 2007-2008 school year. Therefore, Plaintiffs should be barred from referencing or introducing evidence regarding Mr. Freshwater's classroom instruction from school years prior to 2007-2008 and any conduct and/or actions of Mr. Freshwater that occurred outside of the classroom.

## II. LAW AND ARGUMENT

A motion in limine is designed "to avoid the injection into trial of a potentially prejudicial matter which is not relevant and is inadmissible." *See Reinhart v. Toledo Blade Co.,* 21 Ohio App.3d 274, 278 (1985). To be relevant and therefore admissible, evidence must have a tendency "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *Fed. R. Evid. 401*. Even if evidence is relevant, however, it must be excluded under Fed. R. Evid. 403(A), "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." In the within case, not only is Plaintiffs' anticipated introduction of evidence regarding Mr. Freshwater's prior teaching years and conduct outside of

the classroom not relevant, but any introduction by Plaintiffs of that evidence would be unfairly prejudicial to Mr. Freshwater.

### A. Plaintiffs' proposed use of impeachment evidence is without merit

Plaintiffs, per their counsel, seek to attempt to introduce impeachment evidence regarding Mr. Freshwater's classroom instruction from school years prior to 2007-2008 and conduct of Mr. Freshwater that occurred outside of the classroom. However, specific instances of the conduct of a witness may not be proved by extrinsic evidence. *Fed. R. Evid. 608(b).* This is what a number of Plaintiffs' exhibits, identified within the Final Pretrial Order (Document No. 85)[2] seek to accomplish, specific instances of Mr. Freshwater's conduct during prior years and conduct outside the classroom. As a result, Rule 608 prohibits such evidence.

Further, impeachment under Rule 608 may only concern a witnesses' character for truthfulness or untruthfulness. *Id.* Yet, any proposed impeachment regarding Mr. Freshwater's classroom instruction from school years prior to 2007-2008 and any of Mr. Freshwater's conduct outside of the classroom does not concern his character for truthfulness or untruthfulness. Contrary to Plaintiffs' proposed use, such evidence would only be used to demonstrate action in conformity therewith, which is specifically barred by Rule 404(b). Again, the Court is directed to Plaintiffs proposed exhibits in the Final Pretrial Order (Document No. 85). The proposed exhibits demonstrate that Plaintiffs will attempt to introduce evidence regarding Mr. Freshwater's classroom instruction from school years prior to 2007-2008 and conduct outside of the classroom for an improper purpose, contrary to Rule 404(b). Thus, such evidence should be prohibited by this Court.

---

[2] A non-exhaustive list of improper Exhibits are Nos. 13, 15, 19-27, 34, 35, 60-62, 67, 73-84, and 89-91.

In the event Plaintiffs argue that the introduction of Mr. Freshwater's classroom instruction from school years prior to 2007-2008 and any conduct of his outside of the classroom is proper, based on the exceptions within Rule 404(b), that argument also is without merit. As this Court is aware, the exceptions within Rule 404(b) allow for the introduction of evidence, which is not normally admissible, to be admitted for a purpose other than to prove action in conformity therewith. Examples of such exceptions include the introduction of prior wrongs or acts based on plan, intent, preparation or knowledge.

In analyzing Rule 404(b), the Sixth Circuit uses a three-part test to determine whether evidence of other crimes, wrongs or acts is admissible in civil cases: "*First*, the District Court must decide whether there is sufficient evidence that the other act in question actually occurred. *Second*, if so, the District Court must decide whether the evidence of the other act is probative of a material issue other than character. *Third*, if the evidence is probative of a material issue other than character, the District Court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *Pressman v. Franklin National Bank*, 384 F. 3d 182, 187 (6th Cir. 2004).

Plaintiffs cannot satisfy the three part test in *Pressman* regarding their proposed exhibits and/or any witness testimony regarding Mr. Freshwater's classroom instruction from school years prior to 2007-2008 and any conduct of his outside of the classroom. In regard to part one of the test, there would have to be "mini trials" to determine whether the prior acts or acts outside the classroom occurred. This would unnecessarily consume time and waste judicial resources. There does not exist sufficient evidence that any prior acts or acts outside the classroom occurred so as to support the admissibility of Plaintiffs' proposed exhibits and testimony.

In the event that this Court determines that part one of the test has been satisfied, Mr. Freshwater asserts that the evidence of the prior acts or acts outside the classroom is not probative of a material issue or probative of character. The material issues in this case concern Mr. Freshwater's classroom instruction from the 2007-2008 school year. The material issues do not concern the prior teaching years of Mr. Freshwater or his conduct outside of the classroom. Consequently, part two of the test cannot be satisfied. Nonetheless, even if parts one and two of the test in *Pressman* are satisfied, the probative value of the proposed exhibits and testimony regarding such exhibits and conduct of Mr. Freshwater is substantially outweighed by the potential prejudicial effect.

Plaintiffs' proposed exhibits and anticipated testimony, concerning prior years and actions outside of the classroom, will be used improperly in the hope that a jury will infer that if Mr. Freshwater allegedly did something in the past or outside the classroom, that such conduct supports the Plaintiffs' allegations of Mr. Freshwater violating ZD's Constitutional rights in the classroom during the 2007-2008 school year. That is not what the exceptions within Rule 404(b) are to be used for and such anticipated use by the Plaintiffs is improper. Thus, the introduction of evidence regarding Mr. Freshwater's classroom instruction from previous school years and Mr. Freshwater's conduct outside of the classroom, under Rules 404(b) and 608, is not appropriate.

      **B.**    **Mr. Freshwater's classroom instruction from previous school years and Mr. Freshwater's conduct outside of the classroom are not relevant**

Plaintiffs' claims in the within case center on Mr. Freshwater's eighth grade science classroom instruction from the 2007-2008 school year. Plaintiffs specifically crafted their claims as follows in the Final Pretrial Statement:

> This case is about an eighth grade science teacher, Defendant John Freshwater, whom Plaintiffs allege violated federal and state law by burning one of his students, ZD, then 13 years old, with a device known as a Tesla coil and by unconstitutionally endorsing religion in his public school classroom at Mount Vernon Middle School. The Dennises filed this lawsuit on their son's behalf, alleging, among other things, that Freshwater committed battery when he applied the Tesla coil to ZD's arm, and that Freshwater violated the Establishment Clause of the First Amendment by, among many other things, displaying religious postings in his classroom and endorsing religion in his position as a public school educator at Mount Vernon Middle School during the 2007-2008 school year.
>
> *Final Pretrial Order*, § IV(A)(1), Document No. 85.

Further, Plaintiffs identified the questions of fact remaining for decision:

> John Freshwater, during the 2007-2008 school year, displayed various religious items in his classroom in addition to the materials stipulated to above.
>
> John Freshwater, beyond the facts stipulated to above, inappropriately advanced his religious beliefs in his science classroom during the 2007-2008 school year. John Freshwater advanced through various means, including, but not limited to the use of religious materials and student handouts, the discussion of and debate on certain religious topics, and the promotion of creationism and/or intelligent design as an alternative to evolution.
>
> When, as stipulated to above, John Freshwater touched ZD on December 6, 2007 with a Tesla Coil, this offensive touching left a burn and/or mark in the shape of a cross.
>
> *Id.* at § IV(C)(1)(a-c).

Based on the foregoing, and as set forth within fn. 1, Plaintiffs have abandoned and are not pursuing their allegations against Mr. Freshwater arising out of the FCA. Therefore, the nature of Plaintiffs' claims and the issues of fact which remain for a jury, all concern Mr. Freshwater's science classroom instruction during the 2007-2008 school year. As a result, Mr. Freshwater's classroom instruction from previous school years and Mr. Freshwater's conduct outside of the

7

classroom are clearly not relevant for the adjudication of the Plaintiffs' claims. It is believed that, among other exhibits (see fn. 2), Plaintiffs will attempt to introduce evidence and/or testimony regarding Mr. Freshwater's 2003 proposal to the Mount Vernon School Board and public statements made by Mr. Freshwater outside of the school. However, evidence and testimony regarding the foregoing is not required for a determination of the Plaintiffs' limited claims, as set forth in the Final Pretrial Order.

Specfically, in the Final Pretrial Order, Plaintiffs' claims concern the 2007-2008 school year and Mr. Freshwater's science classroom instruction therein. Matters outside of this specific classroom period are not relevant and therefore, not admissible under Rule 402. However, should this Court determine that the Plaintiffs' proposed evidence regarding Mr. Freshwater's classroom instruction from previous school years and Mr. Freshwater's conduct outside of the classroom is relevant under Rule 402 and admissible under Rule 608 and/or 404(b), Mr. Freshwater asserts that such evidence still should be excluded based on Rule 403. Specifically, the probative value of evidence regarding Mr. Freshwater's science classroom instruction from previous school years and Mr. Freshwater's conduct outside of the classroom is substantially outweighed by the danger of unfair prejudice. The jury will be presented with disputed extrinsic evidence and/or testimony which will cause them to improperly infer that Mr. Freshwater's prior classroom instruction or conduct outside of the classroom is related to Plaintiffs' allegations.

Further, the introduction of such evidence and/or testimony would cause confusion of the issues and potentially mislead the jury due to the complicated nature of the proposed exhibits and testimony. There is a significant probability that should such evidence be admissible, that "mini trials" regarding the other specific conduct, which Rule 608 seeks to avoid, would occur.

Judicial economy and resources would be better served by the Plaintiffs not focusing on alleged extrinsic prior conduct of Mr. Freshwater or conduct outside of the science classroom.

## III.     CONCLUSION

The Plaintiffs' claims only concern Mr. Freshwater's science classroom instruction for the 2007-2008 school year.  As a result, any evidence and/or testimony Plaintiffs attempt to introduce should be limited to that specific class.  Although Mr. Freshwater asserts that evidence and/or testimony concerning his prior classroom teaching, and conduct outside of the classroom are not relevant, should this Court determine such evidence and/or testimony is relevant, it should then find that such evidence and/or testimony is inadmissible because its probative value is substantially outweighed by the danger of unfair prejudice, likelihood of confusion of the issues and potential misleading of the jury.

WHEREFORE, Defendant John Freshwater respectfully requests this Court issue an order granting the foregoing Motion in Limine to prohibit Plaintiffs from introducing evidence and/or testimony regarding Mr. Freshwater's classroom instruction from school years prior to 2007-2008, and any conduct of Mr. Freshwater that occurred outside of the classroom.

Respectfully submitted,

MAZANEC, RASKIN, RYDER & KELLER CO., L.P.A.

*s/ Robert H. Stoffers*
ROBERT H. STOFFERS (0024419)
JASON R. DESCHLER  (0080584)
250 Civic Center Drive, Suite 400
Columbus, Ohio  43215
(614) 228-5931
(614) 228-5934 - Fax
Email:   rstoffers@mrrklaw.com
              jdeschler@mrrklaw.com
*Counsel for Defendant John Freshwater*

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2010, a copy of the foregoing Motion in Limine was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/ Robert H. Stoffers*
ROBERT H. STOFFERS (0024419)
JASON R. DESCHLER  (0080584)

OCG-08C053\Motion in Limine