## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **JOHN DOE, et al.,** | **Case No. 2:08 CV 575** |
| **Plaintiffs,** | **Judge Frost** |
| **v.** | **Magistrate Judge King** |
| **MOUNT VERNON CITY SCHOOL DISTRICT BOARD OF EDUCATION, et al.,** | |
| **Defendants.** | |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE DEFENDANT JOHN FRESHWATER'S CLASSROOM INSTRUCTION PRIOR TO THE 2007-2008 SCHOOL YEAR AND DEFENDANT'S CONDUCT THAT OCCURRED OUTSIDE OF THE CLASSROOM

## I.    INTRODUCTION

In his Motion In Limine, Defendant John Freshwater ("Freshwater") asks this Court to preclude the Plaintiffs (the "Dennises") from offering evidence of Freshwater's classroom instruction not occurring during the 2007-2008 school year and all of Freshwater's conduct that occurred outside of his classroom.  (Doc. No. 86.)  The Dennises disagree with the legal merits of Freshwater's motion but will stipulate to excluding evidence of Freshwater's conduct prior to the 2007-2008 school year provided this Court (1) prohibits Freshwater from offering any such similar evidence and (2) rules that the Dennises may use the evidence of Freshwater's conduct prior to the 2007-2008 school year solely for the purposes of impeachment.  Alternatively, the Dennises argue that Freshwater's pre-2007-2008 and extra-classroom actions are admissible under the Federal Rules of Evidence, and accordingly, they ask this Court to deny Freshwater's motion.[1]

---

[1] The Dennises intend to pursue claims related to meetings of the Fellowship of Christian Athletes ("FCA") during the 2007-2008 school year and have made no indication to the contrary.  Freshwater's proposition that the Dennises waived these claims (Def.'s Mot. In Limine at 6-8) flies in the face of, among other things, recent filings and a recent conference before this Court.  For instance, in its Final Pretrial Order, this Court stated broadly the Dennises'

## II.    ARGUMENT

### A.    The Dennises Will Stipulate To The Motion On Two Conditions.

The Dennises will stipulate to a Motion In Limine to exclude evidence of Freshwater's conduct prior to the 2007-2008 school year, provided this Court (1) prohibits Freshwater from offering such evidence about conduct or instructions outside of the 2007-2008 school year and (2) rules that the Dennises may use such evidence solely to impeach if necessary. This stipulation should permit the introduction of such conduct under Federal Rules of Evidence 608(a) and 613— exceptions that Freshwater's Motion In Limine entirely ignores. Alternatively, Freshwater's motion should be denied because much of Freshwater's pre-2007-2008 and extra-classroom conduct is admissible, and this Court should reserve determinations on the admissibility of such evidence for trial.

### B.    Regardless of Freshwater's Motion or the Proposed Stipulation, Federal Rules of Evidence 608(a) and 613 Permit Limited Introduction of that Evidence.

With or without the proposed stipulation, the Federal Rules of Evidence permit limited introduction of Freshwater's conduct prior to the 2007-2008 school year. While Freshwater correctly states that Rule 608(b) prohibits the proving of character for untruthfulness by extrinsic evidence of bad acts (Def.'s Mot. In Limine at 4), he completely ignores the fact that this conduct may be admitted for limited purposes under Rules 608(a) and 613. Specifically, Rule 608(a) permits the introduction of reputation and opinion evidence to attack a witness' credibility, and Rule

---

(continued…)

claim that Freshwater "violated the Establishment Clause of the First Amendment by . . . *endorsing religion in his position as a public school educator* at Mount Vernon Middle School." (Doc. No. 85 at 2 (emphasis added).) Even Freshwater himself defined classroom as encompassing "Fellowship of Christian Athletes meetings" (Def.'s Mot. In Limine at 1 n.1) and described one of the disputed issues of fact as follows: "Are the allegations regarding Mr. Freshwater's conduct as the faculty advisor for Fellowship of Christian Athletes accurate?" (Pretrial Order at 5.) Additionally, the Dennises' Exhibit List items 41-46 in the Pretrial Order all pertain to evidence the Dennises intend to offer in support of their claims relating to the FCA. (*Id.*, App. A at 1.) Finally, by and through counsel, the Dennises stated their intent to pursue the FCA claims before this Court at the Pretrial Conference on April 13, 2010. Given this overwhelming evidence, Freshwater cannot now claim that the Dennises must abandon FCA evidence or testimony in support of their Establishment Clause claim.

613 permits the use of prior inconsistent statements for the purpose of impeachment. *See* Fed. R. Evid. 608(a) and 613. Accordingly, Freshwater's contention that extrinsic evidence is inadmissible for impeachment is contrary to the Federal Rules of Evidence, and this Court—in accordance with or regardless of the proposed stipulation—should permit the Dennises to use such evidence to impeach Freshwater as necessary.

Rule 608 does not require that persons testifying to Freshwater's character be acquainted with Freshwater in the specific location and context of the alleged harm—in this case, Freshwater's conduct during the 2007-2008 school year. Fed. R. Evid. 608(a). Therefore, Freshwater's claim that his instruction prior to the 2007-2008 school year and conduct outside of the classroom "does not concern his character for truthfulness or untruthfulness" is absurd. (Def.'s Mot. In Limine at 4.) Clearly, Freshwater could have developed a reputation for untruthfulness outside the classroom, and that character trait would still exist inside the classroom. Thus, to the extent that the Dennises wish to call into question Freshwater's reputation for truthfulness generally, the Court should not limit the Dennises to calling only those witnesses whose opinions were formed inside of Freshwater's classroom during the 2007-2008 school year.

Further, the Federal Rules of Evidence permit the Dennises to impeach Freshwater through his prior inconsistent statements. Fed. R. Evid. 613. Under Rule 613, opposing parties may examine a witness concerning prior statements, whether written or not. Fed. R. Evid. 613(a). Extrinsic evidence of those statements is admissible provided "the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon." Fed. R. Evid. 613(b). Freshwater fails to suggest any basis for excluding all of his statements, made either prior to the 2007-2008 school year or outside of the classroom, from use for impeachment purposes under Rule 613. For example, Freshwater identified Plaintiffs' Exhibits 73-75, 78-84, and 91 as being improper. (Def.'s Mot. In Limine at 4 n.2.)

3

Because each of these exhibits includes prior statements by Freshwater, however, they are proper for the purposes of impeachment and may be introduced when the appropriate impeachment opportunities arise. Fed. R. Evid. 613(b).

> **C.** **In the Alternative to the Proposed Stipulation, Freshwater's Motion Should Be Denied Because Evidence of Freshwater's Prior Conduct Is Relevant and Admissible.**

If this Court does not agree with the Dennises' proposed stipulation, then the Dennises argue in the alternative that evidence of Freshwater's classroom instruction prior to the 2007-2008 school year and his conduct outside of the classroom, in addition to being relevant for the limited purposes of character under Rule 608(a) and impeachment under Rule 613, is fully relevant and admissible. This argument is two-fold. First, under Sixth Circuit precedent, the Court should deny Freshwater's motion and reserve judgment on the issue until it can make a more informed decision regarding the relevance and admissibility of the evidence when the Dennises attempt to introduce it at trial. Second, the evidence in question remains admissible under the exceptions to Rule 404.

Regarding Freshwater's Motion, it is simply premature for the Court—outside of the proposed stipulation—to make this ruling. When considering a Motion In Limine, federal courts are "reluctant to grant broad exclusions of evidence in limine" because the trial court "is almost always better situated during the actual trial to assess the value and utility of evidence[.]" *Barrow v. Terminix Int'l. Co., LP*, No. 3:07-cv-324, 2009 WL 3698477, at *1 (S.D. Ohio Nov. 3, 2009) (citations omitted). Moreover, a trial court will "not grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible." *Id*. Instead, these decisions "should be deferred and resolved in the context of the trial." *Id*.

While the Dennises concede that *some* of Freshwater's conduct prior to 2007-2008 *may* be properly excluded, it is too early for this Court to determine whether *all* of this evidence *must* be excluded. The Federal Rules define relevant evidence as any evidence having a "tendency to make

the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Undoubtedly, some evidence arising outside of Freshwater's classroom during the 2007-2008 school year has the potential to make the existence of facts relating to conduct inside of the classroom during the 2007-2008 school year more or less probable, and thus, it is relevant. Further, Freshwater offers few, if any, factual examples of how or why his proposed Motion should exclude potentially relevant evidence. Instead, he asks this Court—before examining the facts—to exclude wholesale all evidence that could be relevant and admissible under the Federal Rules in this case. None of this evidence is "clearly inadmissible" and this Court should not make these admissibility determinations until trial. *Barrow*, 2009 WL 3698477 at *1.

Beyond his relevance argument, Freshwater inappropriately suggests, in a broad and sweeping manner, that Rule 404(b) does not except the evidence in question. (Def.'s Mot. In Limine at 5.) Under Rule 404(b), evidence of other acts "is not admissible to prove the character of a person in order to show action in conformity therewith . . . [but it] may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Noting that such propensity evidence may be admissible under the Rule, even the 404(b) test favored by Freshwater permits the introduction of evidence from Freshwater's conduct prior to the 2007-2008 school year. (*See* Def.'s Mot. In Limine at 5.)

In making a decision to exclude evidence under 404(b), the District Court must first decide "whether there is sufficient evidence that the other act in question actually occurred." *United States v. Trujillo*, 376 F.3d 593, 605 (6th Cir. 2004). The Sixth Circuit has found that sufficient evidence exists to admit a prior act where "a jury could reasonably have concluded that [Defendant] committed the prior bad acts based upon [witnesses'] testimony and based upon the evidence

discovered[.]" *Trujillo*, 376 F.3d at 605 (considering a prior act based on evidence secured through a search warrant). Courts routinely make decisions regarding the authenticity of evidence and this Court should not hesitate to do so here. The time spent making these decisions has yet to impede the efficiency of the justice system, and such a risk seems unlikely to arise in this case. Thus, Freshwater's concern about "mini-trials" is unwarranted. (Def.'s Mot. In Limine at 5.)

The second decision for this Court is "whether the evidence of the other act is probative of a material issue other than character." *Trujillo*, 376 F.3d at 605. While the Dennises do not now wish to waste this Court's time by discussing the probative value of every potential piece of disputed evidence (as opposed to waiting until the proper time at trial), the Dennises will discuss one class of exhibits that Freshwater identified as improper—the Dennises' Pretrial Order Exhibits 19-27, which include various handouts allegedly distributed by Freshwater to his class. (Def.'s Mot. In Limine at 4 n.2). Not only has Freshwater failed to produce evidence that he never used these exhibits during the 2007-2008 school year, but he also ignores the fact that these exhibits are probative of his plans and intentions to evangelize in a public school. Thus, the exhibits help to prove that Freshwater's motive in displaying religious materials in his classroom was not secular and that he had the unconstitutional purpose of advancing religion in a public school. This motive analysis only scratches the surface of the 404(b) exceptions because this evidence could otherwise be admissible to show, among other things, Freshwater's *intent* in using the exhibits, his *preparation* to create the exhibits, his *plan* to indoctrinate students, and his *knowledge* that the exhibits were inappropriate. Fed. R. Evid. 404(b) (discussing the exceptions of motive, opportunity, intent, preparation, plan, knowledge, identity and absence of mistake).

Finally, the Court must decide "whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *Trujillo*, 376 F.3d at 605. The Sixth Circuit has developed a test favoring admission, requiring that a district court "look at the evidence in the light

most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Zipkin*, 729 F.2d 384, 389 (6th Cir. 1984). Under this balancing test, it is unlikely that the Court will find any of the evidence the Dennises seek to admit meets the standard for exclusion, which requires a finding that the "probative value [of the evidence] is *substantially* outweighed by the danger of unfair prejudice." Fed. R. Evid. 403 (emphasis added). In the unlikely event that some of the evidence is substantially more prejudicial than probative, that still does not warrant a blanket pretrial exclusion of all Freshwater's instruction and materials prior to the 2007-2008 school year and all of his conduct outside of the classroom.

**III.** **CONCLUSION**

For these reasons, the Dennises respectfully request that the Court accept their proposed stipulation or deny Freshwater's Motion In Limine To Exclude Defendant John Freshwater's Classroom Instruction Prior To The 2007-2008 School Year And Defendant's Conduct That Occurred Outside Of The Classroom.

Respectfully submitted,


s/ Douglas M. Mansfield
Douglas M. Mansfield (0063443)
(Trial Attorney)
dmansfield@jonesday.com
JONES DAY
325 John H. McConnell Blvd. Ste. 600
Columbus, OH 43215

(614) 469-3939 (telephone)
(614) 461-4198 (fax)

Mailing Address:
JONES DAY
P.O. Box 165017
Columbus, OH 43215-2673

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2010, I electronically filed the foregoing Memorandum in Opposition to Freshwater's Motion In Limine with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following at their e-mail address on file with the Court:

Robert H. Stoffers
Jason R. Deschler
MAZANEC, RASKIN, RYDER & KELLER, CO., LPA
250 Civic Center Drive, Suite 400
Columbus, OH 43215

*Counsel for Defendant John Freshwater*

R. Kelly Hamilton
4030 Broadway
P. O. Box 824
Grove City, OH 43123

*Counsel for Defendant John Freshwater*

s/ Douglas M. Mansfield
Douglas M. Mansfield