UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DOE, et al.,

       Plaintiffs,                         Case No. 2:08-cv-575
                                            JUDGE GREGORY L. FROST
       v.                                 Magistrate Judge Norah McCann King

MOUNT VERNON CITY SCHOOL
DISTRICT BOARD OF EDUCATION, et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court on the Motion *in Limine* to Exclude Defendant John Freshwater's Classroom Instruction Prior to the 2007-2008 School Year and Defendant's Conduct that Occurred Outside of the Classroom ("Freshwater's Motion *in Limine*") (Doc. # 86) and Plaintiffs' Response to Freshwater's Motion *in Limine* (Doc. # 87).

In Freshwater's Motion *in Limine*, Defendant Freshwater requests from the Court "an order *in limine* to exclude all evidence, testimony, argument and reference at trial regarding Mr. Freshwater's classroom instruction, which did not occur during the 2007-2008 school year, and all conduct of Mr. Freshwater that occurred outside the classroom." (Doc. # 86 at 1.) Freshwater argues that this evidence is not relevant and that its probative value is substantially outweighed by the danger of unfair prejudice, likelihood of confusion of the issues, and potential misleading of the jury. Further, Freshwater contends that this type of evidence should also be excluded from use as impeachment evidence.              .

In Plaintiffs' Response to Freshwater's Motion *in Limine*, Plaintiffs indicate that although

they disagree with the legal merits of Freshwater's motion, they are willing to stipulate to excluding evidence of Freshwater's conduct in the classroom prior to the 2007-2008 school year and any conduct occurring outside the classroom regardless of when it occurred, provided the Court prohibits Freshwater from offering any such similar evidence and provided that the Court permits Plaintiffs to use any evidence of Freshwater's conduct prior to the 2007-2008 school year solely for the purposes of impeachment.

With regard to the impeachment issue, Freshwater had argued that Rule 608(b) of the Federal Rules of Evidence prohibits the proposed impeachment evidence because that evidence is offered for the purpose of proving his character for untruthfulness by extrinsic evidence of bad acts. Plaintiffs agree that Rule 608(b) prohibits evidence for the purpose of proving character by extrinsic evidence of bad acts; however, they argue that evidence of the type of conduct at issue may be admitted for limited purposes under Rules 608(a) and 613. Specifically, Rule 608(a) permits the introduction of reputation and opinion evidence to attack a witness' credibility and Rule 613 permits the use of prior inconsistent statements for the purpose of impeachment. *See* Fed. R. Evid. 608(a) and 613. Plaintiffs' arguments are well taken.

As Plaintiffs correctly assert, Rule 608(a) permits them to present witnesses to call into question Freshwater's reputation for truthfulness generally, by witnesses whose opinions were formed inside or outside of Freshwater's classroom during the 2007-2008 school year. Fed. R. Evid. 608(a) ("The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation

evidence or otherwise.").

Further, as Plaintiffs again accurately contend, they are entitled to impeach Freshwater through use of his prior inconsistent statements. Under Rule 613, opposing parties may examine a witness concerning prior statements, whether written or not. Fed. R. Evid. 613(a) ("In examining a witness concerning a prior statement made by the witness, whether written or not, the statement need not be shown nor its contents disclosed to the witness at that time, but on request the same shall be shown or disclosed to opposing counsel."). Extrinsic evidence of those statements is admissible provided "the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon." Fed. R. Evid. 613(b).

Accordingly, the Court **GRANTS in part and DENIES** in part Freshwater's Motion *in Limine*. (Doc. # 86.) Specifically, the parties are prohibited from introducing evidence of Freshwater's conduct in the classroom prior to the 2007-2008 school year and any conduct occurring outside the classroom regardless of when it occurred except for impeachment purposes in accordance with this Opinion and Order. As with all *in limine* decisions, these rulings are subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED**.

                                          **s/ Gregory L. Frost**
                                          **GREGORY L. FROST**
                                          **UNITED STATES DISTRICT JUDGE**