UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DOE, et al.,

        Plaintiffs,                     **Case No. 2:08-cv-575**
                                         **JUDGE GREGORY L. FROST**
      v.                             **Magistrate Judge Norah McCann King**

MOUNT VERNON CITY SCHOOL
DISTRICT BOARD OF EDUCATION, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Response in Opposition to Defendant's Motion for Continuance and Motion for Sanctions for Defendant's Failure to Comply with this Court's Discovery Orders ("Plaintiffs' Motion for Sanctions") (Doc. # 96), Defendant John Freshwater's Reply to Document 96 - Reply to Plaintiffs' Motion for Sanctions ("Freshwater's Memorandum in Opposition") (Doc. # 97), and Plaintiffs' Reply in Support of their Motion for Sanctions ("Plaintiffs' Reply") (Doc. # 101). For the reasons set forth below, the Court **GRANTS in part and DENIES in part** Plaintiffs' Motion for Sanctions.

### I. Background

On April 12, 2010, Magistrate Judge King issued an order (Doc. # 83) on Plaintiffs' Motion to Compel (Doc. # 67), stating:

> In their Motion to Compel, plaintiffs seek production of documents not produced during the course of discovery in this action, but which were allegedly utilized by defendant Freshwater in certain state administrative proceedings. Plaintiffs specifically seek production of such documents as defendant Freshwater's personal notes and affidavits and certain educational and religious materials utilized by him.

1

(Doc. # 83 at 1.)  Magistrate Judge King granted Plaintiffs' Motion to Compel ("Written Order Compelling Production"):  "Defendant Freshwater is **ORDERED** to produce all such documents within seven (7) days of the date of this *Order*."  *Id.* at 3 (emphases in original).  The Written Order Compelling Production was issued on April 12, 2010.

On April 19, 2010, Plaintiffs received some of the documents that were ordered to be produced in the Written Order Compelling Production.[1]  Dissatisfied with what Plaintiffs believed was Freshwater's violation of the Written Order Compelling Production, Plaintiffs requested a telephone conference with this Court.

On April 21, 2010, the Court held a telephone conference to discuss Plaintiffs' contention that Freshwater failed to produce the documents pursuant to the Written Order Compelling Production.  At that conference, this Court verbally ordered:  (1) Freshwater to produce, in accordance the Written Order Compelling Production, all relevant materials subject to the Court's orders and Plaintiffs' discovery requests, including, but not limited to, handwritten notes, textbooks, religious materials from Freshwater's classroom, materials copied at Freshwater's church, and other materials removed by Freshwater from Mount Vernon Middle School during the summer of 2008; (2) Freshwater and his attorney R. Kelly Hamilton to provide written affidavits attesting to the fact that all materials subject to the Court's orders and Plaintiffs' discovery requests had been produced; (3) Attorney Hamilton to provide Plaintiffs, at least three days before Freshwater's rescheduled deposition, his billing records for anything relevant to the drafting or preparation of Freshwater's affidavits; (4) Freshwater to provide his personal copy of

---

[1]In this decision, the Court relies on the testimony presented by the parties and their counsel in affidavits submitted to the Court and on oral argument made by counsel before this Court on May 26, 2010.

*Finding Common Ground* by April 22, 2010 and for Plaintiffs to return the textbook by April 23, 2010; and (5) Freshwater to produce complete, legible copies or originals of materials already produced but unreadable (including the President Bush poster). ("Verbal Order Compelling Production.")

On April 22, 2010, Plaintiffs received from Freshwater some documents and the book *Finding Common Ground*. Plaintiffs' counsel sent a letter to Freshwater's counsel, R. Kelly Hamilton, on that same day indicating that the production was incomplete and some of the delivered documents were illegible.

On May 7, 2010, Plaintiffs filed Plaintiffs' Motion for Sanctions. Plaintiffs' motion was filed in conjunction with a response in opposition to Freshwater's motion to continue the trial date based on the fact that two of his attorney's were permitted to withdraw.

On May 11, 2010, this Court granted Freshwater's request for a continuance and held in abeyance Plaintiffs' request for sanctions for discovery violations. (Doc. # 98.) This Court rescheduled the trial in this matter for July 26, 2010.

Attorney R. Kelly Hamilton filed on Freshwater's behalf Freshwater's Memorandum in Opposition. (Doc. # 97.) On May 17, 2010, once briefing was complete on Plaintiff's Motion for Sanctions, the Court ordered an oral hearing on that motion to be held on May 26, 2010, at 9:00 a.m. (Doc. # 102.)

On May 26, 2010, at 8:00 a.m. attorneys Stephen Charles Findley and Sandra R. McIntosh filed a notice of substitution of counsel indicating that they were substituting themselves as counsel in place of R. Kelly Hamilton. Attorneys Findley and McIntosh appeared before this Court at the 9:00 a.m. hearing on Plaintiffs' Motion for Sanctions. Counsel

3

represented to the Court that Attorney Hamilton had contacted them and informed them that he

had two flat tires and would be late to the hearing. The hearing lasted nearly one and one half

hours. Hamilton failed to appear at the hearing.

## II. Standard

Federal Rule of Civil Procedure 37 provides for attorneys' fees and costs to be paid to the

movant of a successful motion to compel:

[(a)](5) Payment of Expenses . . . .

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After
> Filing). If the motion is granted--or if the disclosure or requested
> discovery is provided after the motion was filed--the court must, after
> giving an opportunity to be heard, require the party or deponent whose
> conduct necessitated the motion, the party or attorney advising that
> conduct, or both to pay the movant's reasonable expenses incurred in
> making the motion, including attorney's fees. But the court must not
> order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the
> > disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was
> > substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Rule 37 also provides for attorneys' fees and costs as a sanction against a party and/or his

counsel for failure to obey a discovery order:

> (b) Failure to Comply with a Court Order.
> . . . .
>
> (2) Sanctions in the District Where the Action Is Pending.
> > (A) For Not Obeying a Discovery Order. If a party . . . fails to obey an order
> > to provide or permit discovery, including an order under Rule 26(f), 35, or
> > 37(a), the court where the action is pending may issue further just orders.

4

They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

. . . .

(C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).

### III. Discussion

Plaintiffs request that this Court impose sanctions upon Freshwater in the form of attorneys' fees and costs associated with their Motion for Sanctions and their Motion to Compel and request that the Court impose additional sanctions in the form of evidentiary inferences. The Court finds Plaintiffs' request for attorneys fees and costs well taken but will not, at this juncture, impose any evidentiary inferences.

The Court will address each category of documents that are in dispute. By this Opinion and Order, the Court disposes of all remaining issues related to discovery and memorialize any

5

rulings made from the bench at the May 26, 2010 hearing on sanctions.

## A. Discovery

### 1. Billing Statements

Plaintiffs sought electronic copies of 15 affidavits made by Freshwater because they were responsive to Plaintiffs' discovery requests. Plaintiffs requested electronic copies so that the metadata would show when the affidavits had been prepared because Plaintiffs had reason to believe that the affidavits were not executed on the dates they indicated. In correspondence, and during the April 21, 2010 telephone conference with the Court, Attorney Hamilton contended that those electronic files no longer exist because his computer was destroyed by a water pipe break and he threw the computer away in the trash. Thus, this Court ordered Hamilton to produce, at least three days before Freshwater's rescheduled deposition, his billing records for anything relevant to the drafting or preparation of the affidavits. Freshwater's deposition was scheduled for Friday, May 7, 2010, which means the billing records should have been produced on or before Tuesday, May 4, 2010.

In Plaintiffs' Motion for Sanctions, Plaintiffs claim that these records were not produced by Tuesday, May 4, 2010, and that they had not yet been produced.

In Freshwater's Memorandum in Opposition, Attorney Hamilton attached an affidavit he executed that states that on April 30, 2010, after a portion was of Freshwater's termination hearing was held, he provided to Plaintiffs' counsel John Freshwater's affidavit and his own affidavit that address the billing records. Hamilton avers that the affidavits were attached to "Employee Exhibit 16" from Freshwater's termination hearing. Hamilton also attached the affidavits to the affidavit he submitted in support of Freshwater's Memorandum in Opposition.

6

In Plaintiffs' Reply, Plaintiffs' three attorneys all submitted affidavits stating that each one of them reviewed Employee Exhibit 16 in its entirety and that there were no affidavits attached to it. Further, Attorney Douglas M. Mansfield, the attorney to whom Hamilton personally handed Employee Exhibit 16, averred in his affidavit that he reviewed the exhibit and that the affidavits were not attached to it and that when Hamilton handed the Exhibit to Mansfied, Hamilton made no statement regarding anything attached to the Exhibit. These three attorneys appeared before this Court at the oral hearing and each reiterated to the Court that they had reviewed Employee Exhibit 16, that no other person had custody of the document but them, and that there were not affidavits attached to the Exhibit. Attorney Mansfield argued to the Court that Hamilton's affidavit testimony is less than believable, *i.e.*, Hamilton took documents ordered twice by this Court to be produced and stapled them inconspicuously to the back of an 18 page document, one of hundreds of exhibits in an administrative hearing in which none of Plaintiffs' attorneys are involved, without saying a single word about the attachment before handing it to Plaintiffs' counsel in this action. Plaintiffs also argue that Freshwater's affidavit dated April 22, 2010 and allegedly attached to Employee Exhibit 16 reads like a document structured specifically to respond to the arguments raised Plaintiffs' Motion for Sanctions filed on May 7, 2010, not like an independently drafted document.

In summary, Attorney Hamilton represents to this Court that he was unable to comply with an order from it to provide relevant documents properly requested in discovery because his computer was destroyed by water when a pipe broke at his office and he threw it away. Next, Hamilton was ordered to turn over his billing records for anything relevant to the drafting or preparation of the affidavits. Hamilton insists that he complied with this order by attaching the

affidavits to the back of Employee Exhibit 16, but the evidence before the Court wholly contradicts him. Then Hamilton, again the victim of a notable lack of luck, failed to appear at the hearing to explain himself because he suffered not one but two flat tires on the drive to the courthouse.

The Court concludes that, based on the evidence before it, Freshwater and Attorney Hamilton failed to produce the billing records by Tuesday, March 4, 2010, in violation of both the Written Order Compelling Production and the Verbal Order Compelling Production. Moreover, the affidavit that was attached to Freshwater's Memorandum in Opposition does not comply with this Court's orders. That is, in the affidavit Hamilton avers:

> Affiant states he does not have any computer file containing any metadata related to any billing records for a client named John Freshwater depicting any information concerning affidavits signed by John Freshwater in May 2008.

(Doc. # 97-3 at 21.) This statement does not satisfy the Court's order. Thus, the Court **ORDERS** R. Kelly Hamilton to turn over his billing records for anything relevant to the drafting or preparation of the affidavits at issue by June 16, 2010.

**2. Handwritten Notes**

In the Written Order Compelling Production, Freshwater was ordered to produce his handwritten notes. As of April 19, 2010, Plaintiffs had received only the handwritten notes that Freshwater introduced at the termination hearing as Employee Exhibits 130-137, but found this production inadequate because Freshwater twice admitted to the existence of other handwritten notes in his termination hearing.

> Q. Do Employee Exhibits 130 through 137 represent all of the notes that you made?
>
> A. No. There's one in February that I'm aware of. You would have to ask Kelly

> [Hamilton] about that one. Because I started in February, the end of February, I think. I think it was around the 22nd, I do believe. So you would have to talk to my counsel on that one.

(Doc. # 96-7 at 4881-4882.)

> Q. All right. We know that you removed your notes from the classroom and had those copied. That, you have a specific recollection of.
>
> A. Yes.
>
> Q. And we have copies of some of them in the record but not all. Correct?
>
> A. That's correct.

*Id.* at 4907.

Further, Attorney Hamilton noted in a April 19, 2010 letter to Freshwater's previous counsel that he provided only handwritten notes "from the time period of March 4, 2008 through April 22, 2008," despite Freshwater's admission that he began taking notes in February of 2008. (Doc. # 96-4 at 1.) The Court and parties discussed the handwritten notes during the April 21, 2010 telephone conference, and, despite his client's explicit testimony to the contrary, Attorney Hamilton stated that no other handwritten notes existed. In response, the Court ordered Freshwater and Hamilton to look back through all of their materials and produce any responsive documents that had not yet been produced and to provide affidavits attesting to the fact that all materials subject to the Court's orders and Plaintiffs' discovery requests had been produced. No additional handwritten notes, nor the two required affidavits, were produced.

At the May 26, 2010 hearing, Freshwater represented to the Court that he had no other handwritten notes and in Freshwater's Memorandum in Opposition, Attorney Hamilton attached Freshwater's affidavit attesting to the fact that all materials subject to this Court's orders had been produced. This affidavit, Hamilton claims, was attached to Employee Exhibit 161, along

with Hamilton's affidavit, and was given to Attorney Mansfied on April 30, 2010 after the portion of Freshwater's termination hearing held that day.  As this Court concluded above, based on the evidence before it, the Court finds that there were no affidavits attached to Employee Exhibit 161.  Thus, Freshwater and Attorney Hamilton failed to produce affidavits attesting to the fact that all handwritten notes subject to this Court's orders had been produced by Tuesday, March 4, 2010, in violation of both the Written Order Compelling Production and the Verbal Order Compelling Production.

### 3.  10 Commandment Book Cover and President Bush Inspirational Poster

Plaintiffs' Motion to Compel specifically requested religious materials including "the Ten Commandments book covers or posters displayed in Freshwater's classroom or replicates thereof."  (Doc. # 67 at 4.)  Freshwater did not produce any religious materials, including copies of the Ten Commandment book covers and the "inspirational poster" of former President George W. Bush's cabinet, as required on April 19, 2010.

These issues were discussed at length during the April 21, 2010 conference call, including the fact that none of the religious postings from Freshwater's classroom cupboards and bulletin boards have been produced.  Attorney Hamilton explained that the only Ten Commandments poster he possessed was not an original from Freshwater's classroom, but he admitted that he had produced a similar poster (long after the Plaintiffs' original discovery requests) at Freshwater's termination hearing.  Hamilton also explained that a copy of the President Bush poster had been produced as part of the April 19, 2010 disclosures, but that it was, admittedly, illegible.

The Court ordered Freshwater and Attorney Hamilton to provide Plaintiffs with a legible

10

copy of the President Bush poster by April 22, 2010. The Court also ordered Freshwater and Hamilton to produce affidavits attesting to the full disclosure of all relevant materials.

After the telephone conference, Attorney Hamilton delivered to Plaintiffs an improved copy of the President Bush poster but the text of and citation to a Biblical verse featured on the poster had been cropped out. Plaintiffs notified Freshwater of the deficiency with the President Bush poster April 22, 2010 and offered to make their own copy of the poster if Freshwater would provide them with the poster to copy. By the date Plaintiffs filed Plaintiffs' Motion for Sanctions, Plaintiffs had not received a response to their letter, had not received the Ten Commandments book cover, had not received a complete copy of the President Bush poster, and had not received any of the required affidavits.

In Freshwater's Memorandum in Opposition, Freshwater attached a complete copy of the President Bush poster and the affidavits that had allegedly been attached to Employee Exhibit 161. However, Freshwater failed to submit the Ten Commandments book cover.

The Court concludes that Freshwater and Attorney Hamilton failed to comply with the Written Order Compelling Production and the Verbal Order Compelling Production of the Ten Commandments book cover, the President Bush Poster, and the appropriate affidavits by Tuesday, March 4, 2010. Currently, the book cover has not been produced. During the May 26, 2010 hearing, this Court **ORDERED** from the bench that the book cover by produced to Plaintiffs by May 28, 2010.

### 4. Materials Removed from Freshwater's Classroom

Freshwater testified that he removed approximately "five armloads" of material from his classroom during the summer of 2008 and also took certain material from his classroom to be

11

copied at his church. In the Written Order Compelling Production and the Verbal Order Compelling Production, the Court ordered this material produced or the production of affidavits explaining why the material cannot be produced.

Freshwater produced a few documents and also three trash bags full of science materials, such as animal skeletons, that were part of the five armloads of materials. Plaintiffs contacted Freshwater and Attorney Hamilton and indicated that the production was inadequate because there was no affidavit and the material was not complete based upon Freshwater's testimony at the termination hearing. For example, Freshwater testified that he removed textbooks, notes, and worksheets from his classroom and copied them at his church:

> Q. All right. You testified earlier this month and also yesterday that you took items out of the room to copy after April 16th to the church and Mr. Hamilton. Is that correct?
>
> A. That's correct.
>
> Q. Can you tell us, in addition to the notes, what else you took out of the room to have copied?
>
> A. Textbooks.
>
> Q. Okay. Anything else?
>
> A. You mentioned notes. I think I took over some worksheets.
>
> Q. Okay. Do you know what worksheets you took over?
>
> A. Stuff that Kelly [Hamilton] said, you know, gather and bring over.
>
> Q. Do you have copies of those still?
>
> A. Whatever -- you're going to have to ask Kelly on that.
>
> Q. So you turned those over to your attorney?
>
> A. That is correct.

12

Q. Anything other than worksheets and notes? And I mean anything other than what you've already testified to.

A. What has been testified to then?

Q. You testified to notes. You testified to the textbooks and worksheets. Anything else?

A. It was returned. I returned it back to the school. That's what I recall at this time.

Q. Okay. Did you do this over a period of time or did you do it all on one occasion?

A. It wasn't one specific day. In May.

Q. So you made multiple trips in May with materials?

A. Yes.

Q. "Multiple" being more than one.

A. Yes.

(Doc. # 96-7 at 4892-93.)

None of these materials was produced. The testimony before the Court is conflicting, at a minimum. That is, at his termination hearing, Freshwater testified that he threw away "most of" these materials:

> To be quite honest with you, most of it got thrown into my garbage can there in my barn. So I was pretty upset at the time, and I remember vividly I just pitched it. I pitched it.

(Doc. # 96-7 at 4898.) Yet, in Freshwater's affidavit attached to Freshwater's Memorandum in Opposition, Freshwater now avers that he produced all of the contents of the five armloads and only threw away "about 20-30 letters written to [him] from Chinese people." (Doc. # 97-3 at 19.) As to those letters, Freshwater states:

13

The bundle of letters got wet and were stuck together and I threw them in the trash. I did not throw anything from my room in the trash but those letters.

*Id.*

With regard to the copying of the material that was done at his church, Freshwater indicated to the Court at the May 26, 2010 hearing, that he was unsure of exactly what had been copied because Attorney Hamilton did much of the copying. Hamilton failed to appear at the hearing to provide further testimony regarding this material.

The Court concludes that Freshwater and Attorney Hamilton failed to comply with the Written Order Compelling Production and the Verbal Order Compelling Production of the materials copied at Freshwater's church and the appropriate affidavits by Tuesday, March 4, 2010. The Court **ORDERS** Freshwater and Attorney Hamilton to provide to Plaintiffs copies of all of the materials they copied at Freshwater's church and affidavits, if necessary, to explain why these documents cannot be produced by June 16, 2010.

### 5. Textbooks

Freshwater also has failed to produce various textbooks and educational materials subject to the Written Order Compelling Production. On April 19, 2010, Freshwater produced only 20 copied pages from *Finding Common Ground* and another 5 copied pages from the textbook *Cells, Heredity, and Classification*. These copies were incomplete and many pages were illegible. During the April 21, 2010 telephone conference, the Court specifically ordered Freshwater to produce his personal copy of *Finding Common Ground* to the Plaintiffs by April 22, 2010. Freshwater complied, and that book was promptly returned to him by Plaintiffs.

Freshwater has failed to produce any other textbooks or copies of textbooks with Freshwater's notes that were made in the margins of the books. At the termination hearing on

14

December 10, 2009, Freshwater introduced Employee Exhibit 114, *Cells, Heredity and Classification*, in his own defense. (Doc. # 96-11 at 4322.) The few pages produced on April 19, 2010, do not provide Plaintiffs with the complete *Cells, Heredity and Classification* textbook. What is more, most of the pages actually produced are illegible. Further, Freshwater has failed to produce the following books or other materials that were on a shelf in his classroom during the 2007-2008 school year: (1) *Refuting Evolution*; (2) *Lies in the Textbooks* [Video Tape with the text "Part A 487" and "*10 Lies of Evolution*"]; (3) *Evolution of a Creationist*; (4) *The Real Meaning of the Zodiac*; and (5) *Icons of Evolution*. The Court concludes that Freshwater is in violation of both the Written Order Compelling Production and the Verbal Order Compelling Production. The Court **ORDERS** Freshwater to produce these books and video tape by June 16, 2010.

### B. Appropriate Sanctions

Initially, the Court notes that its Local Rules and Rule 37 of the Federal Rules of Civil Procedure require the party moving for sanctions to engage in extrajudicial means to obtain the discovery at issue. *See* S. D. Ohio Civ. R. 37.1; Fed. R. Civ. P. 37(a)(5)(A). This Court concludes that Plaintiffs have easily met this burden.

Plaintiffs ask the Court to enter an inference that all unproduced materials from Freshwater's classroom were religious items, with no secular purpose, displayed by Freshwater on his classroom walls, windows, cupboards, and book shelves during the 2007-08 school year in contravention of the Establishment Clause of the United States Constitution. These items, which are detailed *supra*, include the Ten Commandments book covers, the President Bush poster, the postings on the cupboards, books such as *Refuting Evolution*, *Evolution of a*

*Creationist, The Real Meaning of the Zodiac, and Icons of Evolution*, and a *Lies in the Textbooks* videotape. Plaintiffs further request that the Court enter an evidentiary inference that the 15 Freshwater affidavits, based on Freshwater's failure to produce the billing records, were not prepared or executed in May 2008, as Freshwater contends, but at some later date.

The Court currently is not inclined to grant Plaintiffs' requests for evidentiary inferences. However, Freshwater is put on notice that if he does not comply in full with this Opinion and Order, the Court will revisit this request and grant any portion of it that is appropriate.

In addition to evidentiary inferences, Plaintiffs also seek costs and attorneys' fees associated with all discovery pleadings since late December 2009, *i.e.*, Plaintiffs' Motion to Compel and their Motion for Sanctions.

Federal Rule of Civil Procedure 37(a)(5) requires this Court to order Freshwater and Attorney Hamilton to pay Plaintiffs' reasonable attorneys' fees for their successful Motion to Compel, stating that the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. . . . [unless] the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action[,] the opposing party's nondisclosure, response, or objection was substantially justified[, or] other circumstances make an award of expenses unjust." In the instant action, Plaintiffs were successful in their Motion to Compel and the Court finds that Freshwater and Attorney Hamilton were given the opportunity to be heard, on brief and in court, Plaintiffs repeatedly attempted in good faith to obtain the discovery at issue without intervention by this Court, Freshwater and Hamilton's inadequate responses and failure to

16

provide the discovery at issue was not substantially justified, nor are any other circumstances present that make an award of expenses unjust. Consequently, the Court must, and does, **ORDER** Freshwater and Attorney Hamilton to pay the reasonable attorneys' fees and costs that Plaintiffs incurred as a result of filing their Motion to Compel.

With regard to the violation of this Court's orders, Federal Rule of Civil Procedure 37(b)(2)(C) requires this Court to order payment of attorneys' fees and costs by a party and/or his attorney for failure to comply with a court order, stating that the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The Court finds that Freshwater's and Attorney Hamilton's failure to comply with two of this Court's orders was not substantially justified nor do any other circumstances make an award unjust. Consequently, the Court must, and does, **ORDER** Freshwater and Attorney Hamilton to pay the reasonable attorney's fees and costs that Plaintiffs incurred as a result of Freshwater's and Attorney Hamilton's failure to comply with this Court's Written Order Compelling Production and this Court's Verbal Order Compelling Production.

Plaintiffs' shall provide to Freshwater and Attorney Hamilton their billing records showing their fees and costs associated with Plaintiffs' Motion to Compel and their Motion for Sanctions by June 11, 2010. Freshwater and Attorney Hamilton shall be given until June 25, 2010, to submit payment to Plaintiffs.

### IV. Conclusion

Based on the foregoing, the Court **GRANTS in part and DENIES** in part Plaintiffs'

17

Motion for Sanctions (Doc. # 96) and makes certain orders regarding the discovery that is the subject of that motion. Specifically, the Court:

1. **ORDERS** Attorney R. Kelly Hamilton to turn over his billing records for anything relevant to the drafting or preparation of the 15 affidavits at issue by June 16, 2010.

2. **ORDERS** Freshwater and/or Attorney R. Kelly Hamilton to produce the Ten Commandments book cover by May 28, 2010.

3. **ORDERS** Freshwater and/or Attorney R. Kelly Hamilton to produce any other discovery previously ordered to be produced, including any handwritten notes, religious materials, and textbooks, and if the discovery cannot be produced to submit affidavits attesting to why the discovery cannot be produced.

4. **ORDERS** Freshwater and Attorney R. Kelly Hamilton to provide to Plaintiffs copies of all of the materials they copied at Freshwater's church and affidavits, if necessary, to explain why these documents cannot be produced by June 16, 2010.

5. **DENIES** Plaintiffs' request for evidentiary inferences; however, puts Freshwater on notice that if he does not comply in full with this Opinion and Order, the Court will revisit this request and grant any portion of it that is appropriate at that time.

6. **GRANTS** Plaintiffs' request for attorneys' fees and costs. The Court **ORDERS** Freshwater and Attorney R. Kelly Hamilton to pay the reasonable attorneys' fees and costs that Plaintiffs incurred as a result of Freshwater's and Attorney Hamilton's failure to comply with this Court's Written Order Compelling Production and this Court's Verbal Order Compelling Production and **ORDERS** Freshwater and Attorney R. Kelly Hamilton to pay the reasonable attorneys' fees and costs that Plaintiffs incurred as a result of filing their Motion to Compel.

18

Payment shall be made in accordance with this Opinion and Order.

     **IT IS SO ORDERED.**

                                        **<u>/s/ Gregory L. Frost</u>**
                                        **GREGORY L. FROST**
                                        **UNITED STATES DISTRICT JUDGE**