UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DOE, et al.,

       Plaintiffs,                                   Case No. 2:08-cv-575
                                                   JUDGE GREGORY L. FROST
      v.                                               Magistrate Judge Norah McCann King

MOUNT VERNON CITY SCHOOL
DISTRICT BOARD OF EDUCATION, et al.,

       Defendants.


**OPINION AND ORDER**

This matter is before the Court on the Motion Seeking Court's Reconsideration of Opinion and Order Issued June 1, 2010 ("Motion for Reconsideration") (Doc. # 107), Plaintiff's Memorandum in Opposition to the Motion for Reconsideration and Expedited Motion for Judgment or Evidentiary Inferences Based on Defendant's Continued Discovery Violations[1] (Doc. # 114), and Counsel's Reply to Plaintiff's Memorandum in Opposition to the Motion for Reconsideration (Doc. # 116). For the reasons that follow, the Court **DENIES** the Motion for Reconsideration.

**I. Background**

**A. Written Order Compelling Production**

On December 30, 2009, Plaintiffs in this action filed a motion to compel certain

---

[1] In their memorandum in opposition, Plaintiffs request judgement to be entered against Freshwater or for evidentiary inferences to be permitted against Freshwater at trial. That request, however, has been rendered moot by the settlement of this matter.

1

discovery from Defendant John Freshwater. (Doc. # 67.) Attorney R. Kelly Hamilton filed a memorandum in opposition to that motion on behalf of Freshwater (Doc. # 67) and Plaintiffs filed a reply memorandum in support of their motion (Doc. # 79). On April 12, 2010, Magistrate Judge King issued an order granting Plaintiffs' Motion to Compel and ordering Freshwater to produce certain discovery she found had been improperly withheld by Freshwater, stating: "Defendant Freshwater is **ORDERED** to produce all such documents within seven (7) days of the date of this *Order*." (Doc. # 83 at 3) (emphases in original). The Court shall refer to this order as the "Written Order Compelling Production."

**B. Verbal Order Compelling Production**

On April 19, 2010, the date the discovery ordered by Magistrate Judge King was due, Plaintiffs requested, and were granted, a telephone conference with this Court. Attorneys for Plaintiffs and Attorney Hamilton participated in telephonic conference held with this Court on April 21, 2010. During that conference, this Court ordered Freshwater and Attorney Hamilton to produce certain discovery that had not been produced in accordance with the Written Order Compelling Production. The Court specifically ordered Freshwater and Attorney Hamilton to provide written affidavits attesting to the fact that all materials subject to the Court's orders and Plaintiffs' discovery requests had been produced or why the material could not be produced. The Court shall refer to this order as the "Verbal Order Compelling Production."

**C. Sanctions Order**

On May 7, 2010, Plaintiffs filed a motion for sanctions contending that Freshwater and Attorney Hamilton had failed to comply with the Written Order Compelling Production and with the Verbal Order Compelling Production. (Doc. # 96.) Plaintiffs requested sanctions in the form

of attorney's fees and costs for the successful prosecution of their motion to compel, attorney's fees and costs for filing the motion for sanctions, and evidentiary inferences.  On May 17, 2010, once briefing was complete on Plaintiffs' motion, the Court ordered an oral hearing on that motion to be held on May 26, 2010, at 9:00 a.m.  (Doc. # 102.)

At the hearing on sanctions, Plaintiffs were represented by their counsel and Freshwater was represented by two attorneys who had only that morning made an appearance on Freshwater's behalf.  Freshwater's counsel represented to the Court that they had received a call that morning from Attorney Hamilton indicating that he had two flat tires on his way to Court and was not going to be able to arrive by the 9 a.m. scheduled start of the hearing.  No continuance was requested nor did Attorney Hamilton arrive during the hearing that lasted approximately one and one-half hours.

On June 1, 2010, the Court issued a Opinion and Order that granted Plaintiffs' motion for sanctions ("Sanctions Order").  (Doc. # 106.)  In the Sanctions Order, the Court explained that Rule 37 of the Federal Rules of Civil Procedure governs requests for sanctions for the successful prosecution of a motion to compel and requests for sanctions for failure to obey a discovery order.  Rule 37(a) provides that upon granting a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  Rule 37(b) provides that upon a finding that a party did not comply with a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure[.]"  Fed. R. Civ. P. 37(b)(2)(C).

Both subsection a and b of Rule 37 provide that the Court must order the payment of attorney's fees "unless the failure was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii) (subsection (i) also provides for an exception to the requirement of payment of attorney's fees in the circumstance when the movant filed the motion before attempting to obtain the discovery extrajudicially, which is not relevant here); Fed. R. Civ. P. 37(b)(2)(C).

In the Sanctions Order, the Court stated that it had relied upon "the testimony presented by the parties and their counsel in affidavits submitted to the Court and on oral argument made by counsel before this Court on May 26, 2010." *Id.* at 2 fn. 1. The Court concluded:

> In the instant action, Plaintiffs were successful in their Motion to Compel and the Court finds that Freshwater and Attorney Hamilton were given the opportunity to be heard, on brief and in court, Plaintiffs repeatedly attempted in good faith to obtain the discovery at issue without intervention by this Court, Freshwater and Hamilton's inadequate responses and failure to provide the discovery at issue was not substantially justified, nor are any other circumstances present that make an award of expenses unjust. Consequently, the Court must, and does, **ORDER** Freshwater and Attorney Hamilton to pay the reasonable attorneys' fees and costs that Plaintiffs incurred as a result of filing their Motion to Compel.

(Doc. # 106 at 16-17) (emphasis in original).

The Court further concluded that Freshwater and Attorney Hamilton failed to obey the Written Order Compelling Production and that they failed to obey the Verbal Order Compelling Production:

> The Court finds that Freshwater's and Attorney Hamilton's failure to comply with two of this Court's orders was not substantially justified nor do any other circumstances make an award unjust. Consequently, the Court must, and does, **ORDER** Freshwater and Attorney Hamilton to pay the reasonable attorney's fees and
> costs that Plaintiffs incurred as a result of Freshwater's and Attorney Hamilton's failure to comply with this Court's Written Order Compelling Production and this Court's Verbal Order Compelling Production.

*Id.* at 17 (emphasis in original).

The Court rejected Freshwater's testimony that Attorney Hamilton had provided the required affidavits to Plaintiffs' attorneys at Freshwater's termination hearing attached to an exhibit from that hearing. Those affidavits had been ordered to be provided to Plaintiffs at least three days before a scheduled deposition. That deposition had, however, been cancelled. Instead of mailing, faxing, emailing, or delivering in some way the affidavits on the day that was three days before the scheduled deposition, Freshwater testified that he and Attorney Hamilton decided to produce the affidavits to Plaintiffs on the Thursday following the cancelled deposition at Freshwater's termination hearing. Freshwater and Attorney Hamilton argued in their memorandum in opposition to Plaintiffs' motion for sanctions that Hamilton attached the affidavits to the termination hearing's Employee Exhibit 161 and handed that Exhibit to Plaintiffs' attorney Douglas M. Mansfield. In this regard, the Court concluded:

> In Plaintiffs' Reply, Plaintiffs' three attorneys all submitted affidavits stating that each one of them reviewed Employee Exhibit 161 in its entirety and that there were no affidavits attached to it. Further, Attorney Douglas M. Mansfield, the attorney to whom Hamilton personally handed Employee Exhibit 161, averred in his affidavit that he reviewed the exhibit and that the affidavits were not attached to it and that when Hamilton handed the Exhibit to Mansfield, Hamilton made no statement regarding anything attached to the Exhibit. These three attorneys appeared before this Court at the oral hearing and each reiterated to the Court that they had reviewed Employee Exhibit 161, that no other person had custody of the document but them, and that there were not affidavits attached to the Exhibit. Attorney Mansfield argued to the Court that Hamilton's affidavit testimony is less than believable, *i.e.*, Hamilton took documents ordered twice by this Court to be produced and stapled them inconspicuously to the back of an 18 page document, one of hundreds of exhibits in an administrative hearing in which none of Plaintiffs' attorneys are involved, without saying a single word about the attachment before handing it to Plaintiffs' counsel in this action. Plaintiffs also argue that Freshwater's affidavit dated April 22, 2010 and allegedly attached to Employee Exhibit 161 reads like a document structured specifically to respond to the arguments raised Plaintiffs' Motion for Sanctions filed on May 7, 2010, not like an independently drafted document.

5

*Id.* at 7.

Freshwater and Attorney Hamilton have now filed the Motion for Reconsideration, in which they request this Court to reconsider its Sanctions Order. Freshwater and Attorney Hamilton requested the opportunity to argue the Motion for Reconsideration before the Court and to present evidence on their behalf. The Court granted that request and on July 29, 2010, this Court held a hearing on the motion.

## II. Standard

The United States Court of Appeals for the Sixth Circuit has set forth three circumstances under which "courts will find justification for reconsidering interlocutory orders": (1) when there is "an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Co. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (citation omitted).

## III. Discussion

In the Motion for Reconsideration and at the July 29, 2010 hearing, Freshwater and Attorney Hamilton argued that the Court should grant their motion and withdraw the sanctions ordered against them because there is new evidence available and to prevent a manifest injustice. This Court disagrees.

**A. New Evidence**

A motion for reconsideration is "not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Ne. Ohio Coal. for Homeless v. Brunner*, 652 F. Supp.2d 871, 877 (S.D. Ohio 2009) (citation omitted). The evidence currently before the Court could have been, and in most cases was, already presented to

this Court or was available to be presented to this Court before it issued its Sanctions Order. That is, even if the Court accepts Attorney Hamilton's assertion that he suffered two flat tires on the way to the first hearing, that does not explain why no request for a continuance of the hearing was made. Nor does it explain why no post hearing brief was filed by Attorney Hamilton to submit the evidence that was available to be presented at the last hearing. Even if, however, the Court were to agree that Freshwater and Attorney Hamilton possess "new evidence," that evidence does nothing to persuade the Court that its previous decision was incorrect, as explained below.

    **1. Witness testimony**

At the hearing, Plaintiffs appeared with counsel and Freshwater and Attorney Hamilton appeared. Attorney Hamilton called Freshwater as his only witness. Plaintiffs called Mount Vernon Superintendent Stephen Short and Attorney David J. Millstone as witnesses. The following are the Court's findings with regard to the credibility of the witnesses.

The Court finds that Freshwater's testimony, and the reasonable inferences drawn from his testimony, in several instances was incredible. For example, while on the witness stand Freshwater viewed his previous deposition testimony related to the Tesla coil that is at the heart of this case, which was read out loud to the Court by Attorney Mansfield. Freshwater clearly stated in that deposition testimony that he destroyed the Tesla coil by smashing it and then threw it in the trash. He speculated that the Tesla coil was in a garbage "landfill." Freshwater then went on to testify, however, that he actually did not throw the Tesla coil in the trash, but instead

gave it to Attorney Hamilton, whose wife in turn put it in the freezer.[2] Freshwater made no attempt to explain this inconsistent testimony. Freshwater's sworn testimony about the Tesla coil given on two separate occasions simply cannot both be true.

Another example of testimony that the Court found incredible was Freshwater's explanation of his initial testimony at the termination hearing regarding the "five armloads" of items he received from Superintendent Short. At the termination hearing, Freshwater was asked if he looked at the material he received from Short when he arrived at his home and Freshwater testified:

> To be quite honest with you, most of it got thrown into my garbage can there in my barn. So I was pretty upset at the time, and I remember vividly I just pitched it. I pitched it.

(Doc. # 161-1 at 2, ¶ 5 and Exhibit attached thereto at 5863.)

To explain why the items were later produced by Freshwater, Freshwater testified before this Court that his definition of "pitch" is not the act of throwing items away. Instead, Freshwater explained that "pitched" is a "term of art" he has used in "forestry fire-fighting." Freshwater further explained that "pitched simply means to move something." (*See also* Doc. # 161-1 at 2, ¶ 5.) Freshwater claims that he "pitched the stuff out of [his] way and got it out of [his] truck" but that the items that he "pitched into his garbage" were not actually taken out with his garbage, and instead, "[t]he stuff stayed in the garbage can until I gave it to [Attorney Hamilton]." *Id.* at 2, ¶ 5. The Court finds that Freshwater's explanation is untenable and that it taints the credibility of his entire testimony.

---

[2] In response to a question by the Court, Attorney Hamilton explained that his wife mistakenly believed the Tesla coil was groceries and put it in the freezer at their home.

With regard to the testimony of Superintendent Short and Attorney Millstone, the Court found both witnesses forthcoming and believable. Short's testimony was completely consistent with his affidavit testimony regarding the same issues. (*See* Doc. # 114-3.) The Court has no uncertainty whatsoever as to the truthfulness of the testimony of these two witnesses.

### 2. Affidavits

Plaintiffs' three attorneys submitted affidavits that unequivocally provide the Court with a chain of custody of Employee Exhibit 161 and without question state that no affidavits were attached to the Exhibit when they received it from Attorney Hamilton.

Contrarily, Attorney Hamilton's affidavit does not state that he attached the affidavits to Exhibit 161 before producing it to Attorney Mansfield. Instead, Hamilton avers:

> Affiant verifies that Employee Exhibit 161 from the state administrative hearing is a copy of the original which has attached thereto at the end of the exhibit a copy of the original affidavits signed by affiant and John Freshwater in response to this Court's Order to produce an affidavit averring the contents therein.

(Doc. # 97-2 ¶ 6.) Only in the argument section of his brief, which is not evidence, does Attorney Hamilton contend that he attached the affidavits to Exhibit 161 before producing the Exhibit to Attorney Mansfield:

> [T]he undersigned, on April 30, 2010, after the state administrative hearing on that date, provided to Plaintiff's counsel John Freshwater's affidavit attached to and in conjunction with the delivery of Employee Exhibit 161 from the state administrative hearing. (Exhibit 3, Pages 1-19) Additionally attached to Employee Exhibit 161 was the undersigned's affidavit. (Exhibit 3, Pages 22-23).

(Doc. # 97 at 4-5.) Exhibit 3 to which Attorney Hamilton refers consists of the affidavits that were supposedly attached to Exhibit 161 and is not an affidavit supporting Attorney Hamilton's contention that he attached the affidavits to Exhibit 161. Thus, there is no evidence whatsoever before the Court indicating that the affidavits were attached to Exhibit 161. Freshwater testified

9

that he did not witness Attorney Hamilton provide Exhibit 161 to Attorney Mansfield. And, it appears to the Court that the language utilized in Attorney Hamilton's affidavit is carefully crafted to appear to state that he attached the affidavits to Exhibit 161 but does not actually state such. Moreover, although the affidavit does not state that Attorney Hamilton attached the affidavits to Exhibit 161, to the extent that the affidavit was meant to state such, the Court finds the testimony unbelievable.

The Court concludes that the evidence before it does nothing to render its Sanctions Order incorrect in any way.

### B. Manifest Injustice

Based on all of the evidence and briefing before it, the Court concludes that granting the Motion for Reconsideration would not prevent a manifest injustice. Indeed, the opposite. Based on Freshwater's and Attorney Hamilton's less than forthcoming behavior, it would be a manifest injustice for Plaintiffs to be required to pay their attorneys for work necessitated only by Freshwater's and Hamilton's misconduct.

### IV. Conclusion

Based on the foregoing, the Court **DENIES** the Motion for Reconsideration filed by Defendant John Freshwater and Attorney R. Kelly Hamilton. (Doc. # 107.)

**IT IS SO ORDERED.**

>  **/s/ Gregory L. Frost**
>  **GREGORY L. FROST**
>  **UNITED STATES DISTRICT JUDGE**